THE STATE OF OHIO, APPELLANT, *v.* SAXON, APPELLEE.

[Cite as *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245.]

(No. 2004–1877—Submitted October 12, 2005—Decided March 20, 2006.)

O'CONNOR, J.

{¶ 1} The question before this court is whether an appellate court may modify or vacate the entire multiple-offense sentence when a defendant assigns as error the sentence as to only one or more of those offenses but not the entire multiple-offense sentence. We find that it may not.

{¶ 2} The Cuyahoga County Grand Jury indicted appellee, Mark Saxon, in a six-count indictment alleging two counts of gross sexual imposition involving a victim under the age of 13, in violation of R.C. 2907.05, one count of importuning, in violation of R.C. 2907.07, two counts of gross sexual imposition, in violation of R.C. 2907.05, and one count of attempted gross sexual imposition, in violation of R.C. 2907.05. Appellee pleaded guilty to one count of gross sexual imposition involving a victim under the age of 13, a felony of the third degree, and one count of gross sexual imposition, a felony of the fourth degree. In return, the state dismissed the remaining charges. The trial court sentenced appellee to four years on each count and ordered the sentences to be served concurrently.

{¶ 3} On appeal, appellee challenged his four-year sentence for the fourth-degree felony of gross sexual imposition, but failed to raise any alleged errors as

to the four-year sentence on the third-degree felony of gross sexual imposition. The state conceded that the trial court lacked the authority to impose a four-year sentence of incarceration on a defendant for a fourth-degree felony. See R.C. 2929.14(A)(4) (maximum penalty for a fourth-degree felony is 18 months). The appellate court, however, vacated not only the sentence for the fourth-degree felony, but also the properly imposed sentence for the third-degree felony, and remanded the case for resentencing. *State v. Saxon,* 8th Dist. No. 83889, 2004-Ohio-5017, 2004 WL 2340106. The state appealed that decision to this court, and we accepted jurisdiction to determine whether an appellate court may vacate or modify the sentence for an offense that a defendant fails to appeal.

{¶ 4} R.C. 2953.08(G)(2) permits an appellate court to "increase, reduce, or otherwise modify a [felony] sentence that is appealed under this section" or to "vacate the sentence and remand the matter to the sentencing court for resentencing" if the sentence is contrary to law.[1] In this case, appellee specifically argued on appeal that his sentence for the fourth-degree felony of gross sexual imposition was erroneous. The Eighth District, therefore, had the authority to vacate that admittedly erroneous sentence. The court, however, went further and vacated both sentences.

{¶ 5} Over the years, some appellate courts have adopted the "sentencing package" doctrine, a federal doctrine that requires the court to consider the sanctions imposed on multiple offenses as the components of a single, comprehensive sentencing plan. See, e.g., *State v. Webb,* 8th Dist. No. 85318, 2005-Ohio-3839, 2005 WL 1792364, ¶ 9–11; *State v. Jackson,* 10th Dist. No. 03AP–698, 2004-Ohio-1005, 2004 WL 396331, ¶ 5; *In re Mitchell* (June 28, 2001), 10th Dist. No. 01AP–74, 2001 WL 722104.

{¶ 6} According to this view, an error within the sentencing package as a whole, even if only on one of multiple offenses, may require modification or vacation of the entire sentencing package due to the interdependency of the sentences for each offense. *United States v. Clements* (C.A.6, 1996), 86 F.3d 599, 600–601. Thus, in a direct appeal from multiple-count criminal convictions, the appellate court has the authority to vacate all sentences even if only one is reversed on appeal. Id., citing Section 2106, Title 28, U.S.Code. Significantly, by enacting Section 2106, Congress, unlike our General Assembly, has expressly

---

1. Although we held in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, that certain portions of the sentencing statutes that require judicial fact-finding to impose a sentence of more than the statutory minimum, to impose consecutive sentences, and to impose repeat-violent-offender and major-drug-offender sentence enhancements are unconstitutional in light of *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, the sentencing review statute, R.C. 2953.08(G), remains effective, although no longer relevant with respect to the statutory sections severed by *Foster.* See *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph two of the syllabus, ¶ 23, 35–36; *State v. Foster* at ¶ 97, 99.

endowed the federal appellate courts with the authority to vacate and remand an entire sentencing package despite the fact that it includes an unchallenged sentence.

{¶ 7} This rationale makes good sense when considering the many multicount and interrelated sentencing enhancements considered and used by federal judges applying the Federal Sentencing Guidelines. See, e.g., United States Sentencing Commission, Guidelines Manual (Nov.2005) 342 (providing rules "for determining a *single offense level that encompasses all the counts of which the defendant is convicted.* The single, 'combined' offense level that results from applying these rules is used * * * to determine the sentence. * * * In essence, counts that are grouped together *are treated as constituting a single offense for purposes of the guidelines* "). (Emphasis added.)

{¶ 8} But the rationale for "sentence packaging" fails in Ohio where there is no potential for an error in the sentence for one offense to permeate the entire multicount group of sentences. Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time. Under R.C. 2929.14(A), the range of available penalties depends on the degree of each offense. For instance, R.C. 2929.14(A)(1) provides that "[f]or *a felony* of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years." (Emphasis added.) R.C. 2929.14(A)(2) provides a different range for second-degree felonies. In a case in which a defendant is convicted of two first-degree felonies and one second-degree felony, the statute leaves the sentencing judge no option but to assign a particular sentence to *each* of the three offenses, *separately.* The statute makes no provision for grouping offenses together and imposing a single, "lump" sentence for multiple felonies.

{¶ 9} Although imposition of concurrent sentences in Ohio may appear to involve a "lump" sentence approach, the opposite is actually true. Instead of considering multiple offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses as in the federal sentencing regime, a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense. See R.C. 2929.11 through 2929.19.[2] Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively. See *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus,

---

2. We recognize that certain portions of these statutes, including R.C. 2929.14(B), (C), (D)(2), (D)(3), and (E)(4) and 2929.19(B)(2), are unconstitutional. *Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraphs one, three, and five of the syllabus. Each citation of these sections throughout this opinion is intended to refer only to those statutory provisions that remain effective following *Foster.*

¶ 100, 102, 105; R.C. 2929.12(A); *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. Under the Ohio sentencing statutes, the judge lacks the authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses.

{¶ 10} This court has never adopted the sentencing-package doctrine, and we decline to do so now. The sentencing-package doctrine has no applicability to Ohio sentencing laws: the sentencing court may not employ the doctrine when sentencing a defendant, and appellate courts may not utilize the doctrine when reviewing a sentence or sentences.

{¶ 11} Not only does sentencing in Ohio lack the underpinning interdependency that supports the federal doctrine, but the doctrine conflicts with the plain meaning of "sentence," as defined by the Revised Code, ignores the requirements of the Ohio sentencing statutes, and abrogates the doctrine of res judicata.

{¶ 12} R.C. 2929.01(FF) defines a sentence as "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense." Appellee in the case at bar points to the "combination of sanctions" language in this definition and urges us to find that that language necessarily indicates that a "sentence" includes all sanctions given for all offenses and is not limited to the sanction given for just one offense. But a trial court may impose a combination of sanctions on a single offense, for example, a fine and incarceration. See R.C. 2929.15 to 2929.18; *Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 45. Therefore, appellee's insistence that the "combination of sanctions" language supports his contentions is misplaced. This language merely recognizes the availability of multiple sanctions for a single offense.

{¶ 13} Further, the statute explicitly defines "*a* sentence" as those sanctions imposed for "*an* offense." (Emphasis added.) The use of the articles "a" and "an" modifying "sentence" and "offense" denotes the singular and does not allow for the position urged by appellee. A finding that the statute intended to package the sanctions for all sentences into one, appealable bundle would ignore the plain meaning of the statutory language: a sentence is the sanction or combination of sanctions imposed on each separate offense. If the legislature had intended to package sentencing together, it easily could have defined "sentence" as the sanction or combination of sanctions imposed for all offenses.

{¶ 14} This interpretation is further supported by consideration of the current comprehensive sentencing scheme originally enacted by the General Assembly as part of Am.Sub.S.B. No. 2 in 1996. 146 Ohio Laws, Part IV, 7136. The current scheme provides precise guidance for criminal sentencing within clearly defined constraints. As described above, the sentencing judge may not impose one term of incarceration and additional sanctions as to the total number of offenses before

him, but must consider each offense separately. See R.C. 2929.11 through 2929.19.

{¶ 15} Because the sentencing judge must consider each individual offense, the logical conclusion is that a "sentence" is the sanction or combination of sanctions imposed for each offense. Adopting the sentencing-package doctrine ignores the critical differences between the Ohio and federal sentencing schemes and implies that sentencing judges must disregard the law and focus on the entire array of offenses when imposing sentence. Ohio law has no mechanism for such an approach. Because Ohio does not "bundle" sentences, nothing is "unbundled" when one of several sentences is reversed on appeal.

{¶ 16} Our holding that a "sentence" includes only the sanction or combination of sanctions imposed for a single offense also comports with our long-standing precedent that any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings. *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, 797 N.E.2d 948, ¶ 37; *State v. D'Ambrosio* (1995), 73 Ohio St.3d 141, 143, 652 N.E.2d 710. As we explained nearly 40 years ago:

{¶ 17} "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant * * * on an appeal* from that judgment." (Emphasis added.) *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus.

{¶ 18} Thus, the doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard. See *State ex rel. Willys–Overland Co. v. Clark* (1925), 112 Ohio St. 263, 268, 147 N.E. 33.

{¶ 19} When a defendant fails to appeal the sentence for a certain offense, he cannot take advantage of an error in the sentence for an entirely separate offense to gain a second opportunity to appeal upon resentencing. To hold otherwise would essentially abrogate the doctrine of res judicata for multicount sentences and precludes finality in sentencing. Accordingly, a defendant who fails on direct appeal to challenge the sentence imposed on him for an offense is barred by res judicata from appealing that sentence following a remand for resentencing on other offenses.

{¶ 20} This court's interpretation is not only in accord with the legal principles of res judicata and finality of judgments, but it is faithful to the language of the

statute and the General Assembly's intent in promulgating a comprehensive sentencing scheme. The legislature crafted the sentencing statutes in a manner that mandates individual consideration of each offense during sentencing and allows meaningful review of the sentence for each offense individually on appeal. R.C. 2929.11 through 2929.19; R.C. 2953.08; *Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶ 23–24, 35–36, 38.

{¶ 21} Any adoption of the sentencing-package doctrine would dismantle that carefully crafted statutory scheme: an error in the sentence for a single offense would require the sentencing judge to reconsider the sentences for every other offense, even if the defendant pleaded guilty to 100 counts. No purpose can be served by forcing a sentencing judge to revisit properly imposed, lawful sentences based upon an error in the sentence for a separate offense.

{¶ 22} Adoption of appellee's definition would further produce an unprecedented and unsupported result when considering the plain language of R.C. 2929.14(A):

{¶ 23} "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:

{¶ 24} "(1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years.

{¶ 25} "(2) For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.

{¶ 26} "(3) For a felony of the third degree, the prison term shall be one, two, three, four, or five years.

{¶ 27} "(4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.

{¶ 28} "(5) For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months."

{¶ 29} The statute explicitly allows a court to impose only "*one* of the following" prison terms each time it imposes "a sentence" on an offender. (Emphasis added.) If we adopted appellee's definition of "a sentence" as including the entire sentencing package, the trial court could impose only *one* of the terms of imprisonment *per case* regardless of the number or variety of felonies committed. A defendant found guilty of multiple counts each of first-, second-, third-, fourth-, and fifth-degree felonies could only receive *one* prison term of no more than ten years. There is no doubt that the legislature did not intend to punish a defendant guilty of a multiple number of crimes in the same manner as one who committed only one.

{¶ 30} App.R. 12(A)(1)(b) mandates that an appellate court "[d]etermine the appeal on its merits on the assignments of error," and R.C. 2953.08(G)(2) permits the court to modify or vacate only a sentence appealed under that section. In this case, the appellate court exceeded its authority by essentially considering an assignment of error not raised and vacating a sentence not appealed. An appellate court may modify or vacate only a sentence that is appealed by the defendant and may not modify or vacate the entire multiple-offense sentence based upon an appealed error in the sentence for a single offense. Accordingly, we reverse the decision of the Eighth District Court of Appeals and remand for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

MOYER, C.J., RESNICK, LUNDBERG STRATTON, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER, J., dissents.

-----

**PFEIFER, J., dissenting.**

{¶ 31} I dissent. Both real-world considerations and statutory construction compel an affirmance of the judgment of the court of appeals in this case.

{¶ 32} As for the statutes at issue, the central question of this case is what constitutes a sentence, and whether every offense a defendant is convicted of comes with its own sentence. The majority points to R.C. 2929.01(FF), writing that "the statute defines '*a* sentence' as those sanctions imposed for '*an* offense.'" (Emphasis sic.) ¶ 13. But that is not true. R.C. 2929.01(FF) does not tie a sentence to a particular offense. It could have, but it did not. R.C. 2929.01(FF) reads:

{¶ 33} "'Sentence' means the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense."

{¶ 34} A sentence is tied to "an offender" who is convicted of or pleads guilty to an offense; it is not tied to the offense itself. That is to be contrasted with the definition of "sanction" in R.C. 2929.01(EE):

{¶ 35} "'Sanction' means any penalty imposed upon an offender who is convicted of or pleads guilty to an offense, as punishment for the offense."

{¶ 36} The definition of "sanction" makes clear that a sanction is a penalty that acts as punishment for a particular offense. While sanctions operate as punishments for single offenses, a sentence can be a "combination of sanctions," i.e., a combination of punishments for particular offenses. All that is required for a set

of sanctions to constitute a sentence is that they are "imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense." Saxon did plead guilty to an offense in this case; the combination of sanctions imposed by the judge thus technically fits within the definition of "sentence" in R.C. 2929.01(FF).

{¶ 37} Moreover, R.C. 2953.08 itself makes clear that a sentence can include sanctions for more than one offense. R.C. 2953.08(A) sets forth factors that create an appeal as a matter of right for a defendant as to a criminal sentence. R.C. 2953.08 contemplates the appeal of a sentence that includes sanctions for multiple offenses. The statute reads:

{¶ 38} "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:

{¶ 39} "(1) *The sentence consisted of or included the maximum prison term allowed for the offense* by division (A) of section 2929.14 of the Revised Code, the sentence was not imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:

{¶ 40} "(a) *The sentence was imposed for only one offense.*

{¶ 41} "(b) *The sentence was imposed for two or more offenses arising out of a single incident,* and the court imposed the maximum prison term for the offense of the highest degree." (Emphasis added.)

{¶ 42} R.C. 2953.08(A)(1) speaks of the appealability of a sentence that "consist[s] of or include[s] the maximum prison term allowed for the offense." A sentence that does not consist of, but rather *includes* the maximum prison term can include other sanctions for other offenses.

{¶ 43} R.C. 2953.08(A)(1)(a) and (b) leave no doubt that a sentence, for purposes of the statute, can include multiple sanctions for multiple offenses. The factor for appealability set forth in R.C. 2953.08(A)(1)(a) requires that the "sentence was imposed for only one offense," thereby indicating a court's ability to impose sentences that cover more than one offense. Finally, the factor for appealability set forth in R.C. 2953.08(A)(1)(b) describes a sentence that "was imposed for two or more offenses arising out of a single incident." R.C. 2953.08(A)(1)(b) indisputably contemplates sentences that cover more than one offense.

{¶ 44} R.C. 2953.08(C) allows for an appeal as of right as to sentencing when a "sentence" includes consecutive sentences:

{¶ 45} "In addition to the right to appeal a sentence granted under division (A) or (B) of this section, a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (E)(3) or (4) of section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted."

{¶ 46} In R.C. 2953.08(C), consecutive sentences are together considered to be part of one appealable sentence. Even if none of the consecutive sentences on their own are contrary to law, how they operate together as one sentence can be.

{¶ 47} R.C. 2953.08 thus demonstrates that criminal sentences can consist of multiple sanctions for separate offenses. R.C. 2953.08(G) gives the appellate court the opportunity to correct an illegal sanction as to any particular offense or to vacate the entire sentence:

{¶ 48} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing."

{¶ 49} Therefore, since a sentence can include multiple sanctions imposed on one offender, and since an appellate court has the ability to vacate an entire sentence, I would hold that an appellate court may vacate all parts of a criminal sentence pursuant to R.C. 2953.08(G), even sanctions not specifically appealed by a defendant.

{¶ 50} This conclusion makes real-world sense as well. In my view, judges do take into account all of the surrounding factors, including the seriousness of other offenses for which the defendant stands before the bench, in determining a sentence. As long as sentences may differ in length, that will be the case. Upon resentencing, judges should have the whole picture before them as well.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant Prosecuting Attorney, for appellant.

Thomas Rein, for appellee.