OPINION
{¶ 1} Appellant, Pamela J. Kidd ("Kidd"), appeals the judgment of the Lake County Common Pleas Court sentencing her to consecutive sentences that, in the aggregate, total three-and-one-half years. Kidd received consecutive sentences after pleading guilty by way of information to twelve counts of breaking and entering and to twelve additional counts of receiving stolen property. The offenses related to a series of theft offenses from schools, churches, and individuals that Kidd committed within a five-month period. Restitution in the total amount of $5,120 was also ordered.
 {¶ 2} The twelve breaking-and-entering offenses were violations of R.C. 2911.13(A), and constituted felonies of the fifth degree. Nine of the receiving-stolen-property offenses were violations of R.C. 2913.51(A), and constituted felonies of the fifth degree, while three of the receiving-stolen-property offenses were violations of R.C. 2913.51(A), and constituted misdemeanors of the first degree.
 {¶ 3} Kidd received a sentence of six months on each of the twenty-four offenses. The sentences were grouped into seven different groups by the trial court. Within each group, which constituted two to six offenses, the sentences were to be served concurrently; and, then, each group of sentences was to be served consecutively to each other, so that Kidd was sentenced to a total of three-and-one-half years. The trial court ordered the three misdemeanor sentences to be served in the Lake County Jail, for a total of eighteen months, and the balance of two years to be served in prison.
 {¶ 4} Kidd timely appealed her sentencing judgment entry to this court, raising the following two assignments of error:
 {¶ 5} "[1.] The trial court erred to the prejudice of the defendant-appellant when it ordered consecutive sentences.
 {¶ 6} "[2.] The trial court erred when it sentenced the defendant-appellant to consecutive prison sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 7} Both of these assignments of error touch on the consecutive nature of Kidd's sentences. Kidd has not challenged the length of any of her sentences.
 {¶ 8} As an appellate court, we may only consider the sentences that the appellant challenges on appeal.[1]
Therefore, we shall not disturb the sentences of six months for each of the offenses to which Kidd pled guilty.
 {¶ 9} We first consider her second assignment of error. This assignment of error is raised in response to the United States Supreme Court's opinion in Blakely v. Washington.[2]
 {¶ 10} In State v. Foster, the Supreme Court of Ohio held that "[b]ecause R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional."[3]
 {¶ 11} To remedy the sentencing statutes, the Supreme Court of Ohio severed the unconstitutional portions requiring judicial factfinding.[4]
 {¶ 12} In the instant case, the trial court engaged in judicial factfinding to impose consecutive sentences. Kidd did not admit any facts that would have permitted the imposition of consecutive sentences. Thus, pursuant to State v. Foster, the consecutive sentences are unconstitutional,[5] and must be vacated.[6]
 {¶ 13} Kidd's second assignment of error has merit. Since the judgment of the trial court is being reversed, her first assignment of error is moot.
 {¶ 14} The judgment of the trial court is reversed, and this matter is remanded to the trial court for resentencing, pursuant to State v. Foster.[7] The trial court is to determine whether consecutive sentences are to be imposed and, if applicable, designate which sentences are to be served consecutively and which are to be served concurrently.
O'Toole, J., concurs, Grendell, J., concurs in judgment only.
[1] State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, at paragraph three of the syllabus.
[2] Blakely v. Washington (2004), 542 U.S. 296.
[3] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at paragraph three of the syllabus, following Apprendi v. NewJersey (2000), 530 U.S. 466 and Blakely v. Washington, supra.
[4] State v. Foster, paragraph four of the syllabus, following United States v. Booker (2005), 543 U.S. 220.
[5] State v. Foster, at paragraph three of the syllabus.
[6] State v. Foster, at ¶ 103-104.
[7] State v. Foster, at ¶ 104.