OPINION
{¶ 1} Appellant, B.J. Kirk, appeals the judgment on sentence entered by the Ashtabula County Court of Court of Common Pleas. For the reasons herein, we reverse and remand the matter.
 {¶ 2} On March 9, 2005, appellant entered pleas of guilty to six counts of gross sexual imposition in violation of R.C.2907.05. On April 7, 2005, the trial court accepted appellant's pleas of guilty and ordered a presentence investigation. On November 10, 2005, appellant was sentenced to eight months on each count with counts one and two, three and four, and five and six respectively, ordered to run consecutive to one another. In total, appellant was sentenced to twenty-four months imprisonment.
 {¶ 3} Appellant now appeals and asserts the following assignment of error:
 {¶ 4} "The trial court erred in sentencing the appellant/defendant to consecutive sentences under Ohio Revised Code Section 2929.14(E)."
 {¶ 5} Appellant argues the consecutive sentences made under the authority of R.C. 2929.14(E) are unconstitutional pursuant to the holding in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 6} In sentencing appellant, the trial court relied upon judicial factfinding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. The court held, in relevant part:
 {¶ 7} "because R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional."Foster, at paragraph three of the syllabus, following Apprendiv. New Jersey (2000), 530 U.S. 466, and Blakely v. Washington
(2004), 542 U.S. 296.
 {¶ 8} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(E). After severance, judicial factfinding is not required before imposition of consecutive sentences. Foster, supra, at paragraph four of the syllabus.
 {¶ 9} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated and remanded for resentencing. Foster at ¶¶ 103-104. On remand, the trial court is no longer required to make findings or give its reasons for imposing consecutive sentences. Id. at paragraph seven of the syllabus.
 {¶ 10} We note that appellant challenges only the consecutive nature of his sentences. Therefore, pursuant to State v. Saxon,109 Ohio St.3d 176, 2006-Ohio-1245, paragraph three of the syllabus, we will not disturb the length of the individual sentences imposed by the trial court.
 {¶ 11} Appellant's sole assignment of error is sustained.
 {¶ 12} The judgment of the Ashtabula County Court of Common Pleas is reversed. This case is remanded for resentencing for proceedings consistent with this opinion.
Ford, P.J., concurs, O'Toole, J., concurs in judgment only.