OPINION *Page 2 
{¶ 1} On January 13, 2004, the Stark County Grand Jury indicted appellant, Charles McKinley, on two counts of felonious assault in the second degree in violation of R.C. 2903.11. Said counts arose from two separate incidents wherein appellant attacked two nurses, Louanna Diehl and Steven Smith, during his stay at Heartland Behavioral Healthcare in Massillon, Ohio.
 {¶ 2} Psychiatric evaluations deemed appellant incompetent to stand trial. Following treatment and a competency finding, a jury trial commenced on May 23, 2006. The trial court found appellant guilty as charged. However, the jury made a special finding of serious physical harm to the count involving Ms. Diehl, and the trial court elevated the count to a felony of the first degree. By judgment entry filed June 1, 2006, the trial court sentenced appellant to nine years in prison on the count involving Ms. Diehl and seven years in prison on the count involving Mr. Smith, to be run consecutively.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THERE WAS INSUFFICIENT EVIDENCE PRESENTED TO THE JURY TO FIND THE APPELLANT GUILTY OF FELONIOUS ASSAULT, A FELONY OF THE FIRST DEGREE." *Page 3 
 II {¶ 5} "THE TRIAL COURT'S IMPOSITION OF A NINE (9) YEAR PRISON TERM ON ONE OF THE COUNTS OF FELONIOUS ASSAULT WAS CONTRARY TO LAW."
 I {¶ 6} Appellant claims there was insufficient evidence to support his conviction of felonious assault in the first degree. Specifically, appellant claims the special finding of serious physical harm to Ms. Diehl did not raise the offense to a felony one pursuant to R.C.2903.11(D) because Ms. Diehl was not a peace officer within the definition of R.C. 2935.01(B). We agree.
 {¶ 7} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307.
 {¶ 8} In sentencing appellant, the trial court stated the count involving Ms. Diehl "is elevated to a felony of the first degree, since the victim did suffer serious physical harm as a result of the commission of the offense." T. at 406-407. Pursuant to R.C. 2903.11(D) and R.C. 2935.01(B), we find this conclusion to be in error.
 {¶ 9} R.C. 2903.11 (D) provides for a felony one offense of felonious assault if:
 {¶ 10} "the victim of a violation of division (A) of this section is a peace officer, felonious assault is a felony of the first degree. If the victim of the offense is a peace *Page 4 
officer as defined in section 2935.01 of the Revised Code, and if the victim suffered serious physical harm as a result of the commission of the offense, felonious assault is a felony of the first degree * * *"
 {¶ 11} R.C. 2935.01(B) sets forth a lengthy definition of "peace officer." A "peace officer" includes any kind of police officer, law enforcement officer, enforcement agent, etc.
 {¶ 12} Ms. Diehl was a psychiatric registered nurse at Heartland Behavior Healthcare. T. at 144-145. Her job description was not defined in the transcript other than to "give medications as needed for agitated clients." T. at 145. As the state concedes in its brief at 5-6, there is nothing in the record to establish that Ms. Diehl had enforcement powers.
 {¶ 13} Upon review, we find the trial court erred in elevating the felonious assault count involving Ms. Diehl to a felony one offense.
 {¶ 14} Assignment of Error I is granted.
 II {¶ 15} Appellant claims the trial court erred in sentencing him to nine years in prison on the felonious assault count involving Ms. Diehl because the count should have been a felony in the second degree and the maximum sentence pursuant to R.C. 2929.14(A)(2) is eight years in prison. We agree.
 {¶ 16} As we found in Assignment of Error I, the felonious assault count should have been a felony in the second degree. As the state concedes in its brief at 7-8, the trial court erred in sentencing appellant on a felony one offense. *Page 5 
 {¶ 17} Upon review, we find the trial court erred in sentencing appellant to nine years in prison on the felonious assault count involving Ms. Diehl as the offense should have been a felony in the second degree and the maximum sentence is eight years in prison. The matter is remanded to the trial court for sentencing on a felonious assault against Ms. Diehl in the second degree. The sentence imposed on the felonious assault count involving Mr. Smith stands. See, State v.Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245.
 {¶ 18} Assignment of Error II is granted.
 {¶ 19} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed as to the felonious assault count involving Ms. Diehl only as to the degree of felony (first degree to second degree) and the corresponding range of sentence thereon (two to eight years).
 By Farmer, J. Hoffman, P.J. and Edwards, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed as to the felonious assault count involving Ms. Diehl only as to the degree of felony (first degree to second degree) and the corresponding range of sentence thereon (two to eight years). *Page 1