{¶ 29} I write separately since I believe the majority misstates the standard of review applicable to appellant's first assignment of error, premised on R.C. 2929.12. *Page 8 
The Supreme Court of Ohio has expressly told us that, "the sentencing review statute, R.C. 2953.08(G), remains effective, although no longer relevant with respect to the statutory sections severed by Foster."State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, at ¶ 4, fn. 1. R.C.2929.12 remains viable post-Foster. State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, at ¶ 38. Consequently, we are required to apply R.C.2953.08(G)(2) to this challenge of the trial court's consideration of the R.C. 2929.12 seriousness and recidivism factors. That is, we review the law and the record, and may only alter the trial court's sentence if there is misapplication of the law, or there is clear and convincing evidence that the record does not support the sentence. Cf. State v.McDade, 6th Dist. Nos. OT-06-001 and OT-06-004, 2007-Ohio-749, at ¶42-55.
 {¶ 30} In this case, the record indicates the trial court properly applied the R.C. 2929.12 factors in sentencing appellant. Consequently, I concur in judgment only regarding the first assignment of error, and concur regarding the second and third. *Page 1