COLLEEN MARY OTOOLE, J., concurs in judgment only with Concurring Opinion.
 {¶ 17} I respectfully disagree with the standard of review applied by the majority to appellant's assignment of error. In State v. Saxon,109 Ohio St.3d 176, 2006-Ohio-1245, announced shortly after Foster, the Ohio Supreme Court reminded us: "* * * the sentencing review statute, R.C.2953.08(G), remains effective, although no longer relevant with respect to the statutory sections severed by Foster." Id. at ¶ 4, fn. 1. (Emphasis added.) Appellant premises his appeal on the trial court's alleged misapplication of the seriousness and recidivism factors set forth at R.C. 2929.12. R.C. 2929.12 retains its vitality underFoster. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 38. Consequently, the proper standard of review remains that found in R.C.2953.08(G)(2): de novo, applying a clear and convincing standard. See, e.g., State v. Ramos, 3d Dist. No. 4-06-24, 2007-Ohio-767, at ¶ 19-24. *Page 7 
 {¶ 18} That being said, I do not believe the record indicates improper application of the R.C. 2929.12 factors by the trial court. Consequently, while disagreeing with the avenue selected by the majority, I agree with the conclusion found.
 {¶ 19} I concur in judgment only. *Page 1