[Cite as *State v. Jones*, 2011-Ohio-6215.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                   CASE NO.  9-11-06

      v.

TIMOTHY ALLEN JONES,              O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 09CR0066

**Judgment Affirmed**

**Date of Decision:  December 5, 2011**

APPEARANCES:

    *Timothy Allen Jones*,  Appellant

    *Brent W. Yager and Gregory A. Perry*  for Appellee

**SHAW, J.**

{¶1} Jones appeals the February 10, 2011 judgment of the Marion County Court of Common Pleas overruling his petition for postconviction relief.

{¶2} On April 16, 2009, Jones was indicted on one charge of felonious assault for beating another inmate, Joshua Criswell, while Jones was incarcerated for domestic violence charges. Criswell's spleen was ruptured as a result of the attack. The incident was recorded on the surveillance cameras in the jail and Criswell's injuries were documented and treated by the jail nurse and other medical personnel. The indictment was later amended to include a repeat violent offender specification.

{¶3} On January 11, 2010, after being convicted by a jury, the trial court sentenced Jones to a prison term of eight years for the felonious assault conviction and designated him as a repeat violent offender, which added four years to his sentence, for a total twelve-year prison term. Jones appealed the judgment imposing his conviction and sentence to this Court, raising seven assignments of error. The assignments of error claimed that the trial court erred in overruling some of Jones' pretrial motions, challenged the adequacy of the evidence before the jury and the trial court to convict him, alleged that trial court permitted the jury to hear inadmissible evidence during the trial, and asserted that Jones was deprived of effective assistance of counsel.

{¶4} On June 23, 2010, Jones filed a petition for postconviction relief alleging that his trial counsel provided him ineffective assistance of counsel.

{¶5} On October 4, 2010, this Court overruled Jones' seven assignments of error and affirmed the judgment of the trial court.

{¶6} On December 22, 2010, Jones, without permission for leave from the trial court, filed an amended petition for postconviction relief raising two additional grounds for relief, which included an allegation that the prosecution failed to preserve exculpatory evidence.

{¶7} On February 8, 2011, the prosecution filed its response to Jones' petition for postconviction relief.

{¶8} On February 10, 2011, the trial court ruled on Jones' petition for postconviction relief. In a thorough opinion, the trial court addressed each of Jones' supporting grounds and overruled the petition finding it not well-taken. Specifically, the trial court determined that Jones' claims were barred by res judicata.

{¶9} Jones subsequently appealed the decision of the trial court overruling his petition for postconviction relief, raising the following assignments of error.[1]

---

[1] We note that Jones submitted two briefs on appeal. His first brief was submitted on July 7, 2011, raising six assignments of error. However, this Court did not accept Jones' first brief because it exceeded the local page limit rule. Jones filed his second brief on July 27, 2011, amending his brief to raise just three assignments of error. The prosecution filed its brief on August 18, 2011, responding to the six assignments of error in Jones' first brief. However, we will only address the three assignments of error raised by Jones in his second brief, which is the one that was properly filed in accordance with the local and appellate rules.

## ASSIGNMENT OF ERROR NO. I

**ATTORNEY JAVIER ARMENGAU WAS INEFFECTIVE AS COUNSEL IN THAT HE REFUSED TO OBTAIN AND SECURE VIDEO EVIDENCE FROM THE SECURITY CAMERA SYSTEM AT THE MULTI COUNTY CORRECTION CENTER OF THE ALLEGED VICTIM JUSHUA [SIC] CHRISWELL [SIC] BODY PUNCHING WITH AND BEING ASSAULTING BY OTHER INMATES IN THE DAYS PRIOR TO THE INCIDENT INVOLVING THE APPELLANT.**

## ASSIGNMENT OF ERROR NO. II

**PROSECUTING ATTORNEY BRENT YAGER FAILED TO PRESERVE EXCULPATORY EVIDENCE OR, IN BAD FAITH, FAILED TO PRESERVE FOR TRIAL POTENTIALLY USEFUL EVIDENCE AND DISCLOSE IT TO THE APPELLANT AFTER HE WAS MADE FULLY AWARE OF ITS EXISTENCE.**

## ASSIGNMENT OF ERROR NO. III

**ATTORNEY JON DOYLE WAS INEFFECTIVE AS COUNSEL IN THAT HE (A) FAILED THROUGH THE PROCESS OF DISCOVERY, TO OBTAIN THE MEDICAL RECORDS OF JOSHUA CHRISWELL [SIC] FROM THE MULTI-COUNTY CORRECTIONAL CENTER. (B) FAILED TO DISCOVER THAT JOSHUA CHRISWELL [SIC] WAS INFACT [SIC], BEING TREATED BY THE DOCTOR AT THE MULTI-COUNTY CORRECTIONAL CENTER FOR A STOMACH PROBLEM ONE DAY PRIOR TO THE ALLEGED ASSAULT BY THE APPELLANT AND (C) FAILED TO SUBPOENA THE DOCTOR FROM THE MULTI-COUNTY CORRECTIONAL CENTER WHO TREATED JOSHUA CHRISWELL [SIC] FOR A STOMACH PROBLEM AS A WITNESS FOR THE APPELLANT.**

{¶10} For ease of discussion, we elect to address some of the assignments of error together.

*The First and Second Assignments of Error*

{¶11} The first and second assignments of error both relate to Jones' contention that he could have been exonerated if certain surveillance video from the jail would have been preserved. Jones alleges that this particular evidence depicted the victim, Joshua Criswell, engaging in "body punching" with other inmates days before Jones' attack on Criswell. Jones claims that his initial trial counsel provided him ineffective assistance of counsel because he failed to obtain this evidence before the jail taped over the video.[2] Jones also claims that the prosecution acted in bad faith when it failed to preserve this evidence.

{¶12} The Supreme Court of Ohio has previously held that "[u]nder the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, *any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment.*" *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104. (Emphasis added). It is well established that res

---

[2] During the course of the court proceedings, Jones had two different court-appointed attorneys. His initial attorney in the case was Attorney Armengau. Jones asked him to withdraw from his representation early in the case. The trial court subsequently appointed Attorney Doyle to represent Jones.

judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006–Ohio–1245, 846 N.E.2d 824, at ¶ 16–17.

{¶13} Jones was represented by appellate counsel in the direct appeal of the judgment imposing his conviction and sentence. In addition to the assignments of error raised by Jones' appellate counsel, Jones was permitted to submit a supplemental brief in which he raised and argued four additional assignments of error. Despite having ample opportunity, none of Jones' assignments of error discuss the issue now raised by Jones regarding this surveillance video. In addition, Jones has failed to provide any reason why he was unable to properly raise these arguments in his first appeal. Accordingly, because Jones *could have raised this matter* in his direct appeal of the judgment imposing his conviction and sentence *but chose not to*, we find that the trial court did not err in concluding that his claims are now barred by res judicata.

{¶14} Moreover, we note that Jones and his trial counsel argued the defense that Criswell's spleen injury was caused by the roughhousing Criswell allegedly engaged in with other inmates days prior to Jones' attack. Even though Jones did not have the surveillance video, he presented the testimony of three inmates at his trial, who either engaged in or witnessed the "body punching" of Criswell. In the end, the jury determined that Jones, not the actions of other inmates, caused

Criswell's injuries based on the medical evidence presented as well as Criswell's own testimony denying that the roughhousing caused his spleen injury. Clearly, this surveillance video would have been simply cumulative to the evidence presented by Jones at his trial. For all these reasons, Jones' first and second assignments of error are overruled.

*The Third Assignment of Error*

{¶15} In the third assignment of error, Jones argues that his trial counsel, Attorney Doyle, was ineffective for allegedly failing to obtain the medical records kept by the jail and other evidence which Jones claims demonstrated that Criswell had been taking Zantac, a medication for heartburn and indigestion, around the time his spleen was ruptured.

{¶16} In his direct appeal of the judgment imposing his conviction and sentence, Jones raised this same issue in his fifth assignment of error and we determined that Jones' arguments amounted to mere speculation and did not substantiate a claim of ineffective assistance of counsel. See *State v. Jones I*, 3rd Dist. No. 9-10-09, 2010-Ohio-4823. Because Jones has previously litigated this issue in the direct appeal of his conviction, we conclude that the trial court did not err in finding that his claim is now barred by res judicata. Jones' third assignment of error is overruled.

**{¶17}** Based on the foregoing, the judgment of Marion County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**ROGERS, P.J. and PRESTON, J., concur.**

**/jlr**