[Cite as *State v. Yarbrough*, 2018-Ohio-3428.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

TERRELL YARBROUGH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 JE 0027**

---

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 99-CR-116

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jane Hanlin*, Assistant Prosecutor, Jefferson County Justice Center, 16001 State Route 7, Steubenville, Ohio 43952 for Plaintiff-Appellee, No Brief Filed and

*Terrell Yarbrough, Pro se,* # 396-299, Trumbull Correctional Institution 5701 Burnett Road, P.O. Box 901, Leavittsburg, Ohio 44430 for Defendant Appellant

Dated: August 20, 2018

**Robb, P.J.**

**{¶1}** Defendant-Appellant Terrell Yarbrough appeals the decision of Jefferson County Common Pleas Court denying his "Motion to Vacate Sentence Contrary to Law." Appellant acknowledges the Ohio Supreme Court did not remand the matter to the Jefferson County Common Pleas Court after it affirmed in part and reversed in part his convictions; the Ohio Supreme Court reversed and vacated some convictions, affirmed the remaining convictions, and indicated the total prison term affirmed was 59 years. Appellant raises multiple issues in this appeal. He contends the trial court's failure to conduct a de novo resentencing hearing following the Ohio Supreme Court's decision deprived him of a final appealable order and violated his due process protections under the Fourteenth Amendment to the U.S. Constitution. He also argues the sentences for the firearm specifications attendant to the aggravated murder convictions should have been dismissed when the aggravated murder convictions were dismissed. Next, Appellant argues the trial court failed to merge allied offenses of similar import and we should remand the matter to the trial court to complete a merger analysis. In his last two arguments, Appellant contends the trial court failed to make maximum and consecutive sentence findings without considering the aggravated murders and thus, the matter must be remanded for those findings.

**{¶2}** For the reasons expressed below all arguments lack merit and the trial court's decision is affirmed.

### Statement of the Case

**{¶3}** In 1999, Appellant was charged with two counts of aggravated robbery, aggravated burglary, two counts of kidnapping, gross sexual imposition, twelve counts of aggravated felony murder, receiving stolen property, grand theft, and fourteen attendant firearm specifications. These charges arose from acts committed when Appellant and Nathan Herring robbed, abducted, and murdered Aaron Land and Brian Muha.

**{¶4}** The jury found Appellant guilty of all offenses and recommended the death sentence for each murder, which the trial court imposed. Because a death sentence

was imposed, Appellant's direct appeal was heard by the Ohio Supreme Court, not this court. In the direct appeal, the Ohio Supreme Court reversed the convictions for aggravated murder and vacated the death sentences. *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶ 1. Although the abduction, robbery, and burglary occurred in Jefferson County, Ohio, the murders occurred in Washington County, Pennsylvania. Pursuant to the Ohio criminal-law jurisdiction statute that was in effect at that time, Ohio courts did not have subject matter jurisdiction over the murders because the act that caused the deaths did not occur in Ohio. *Id.* at ¶ 34-57.[1] On that basis the Ohio Supreme Court reversed and vacated the aggravated murder convictions. The Ohio Supreme Court did not remand the matter back to the trial court, rather it affirmed the judgment in part and reversed the judgment in part:

> As a result, it is our duty to reverse the convictions of aggravated murder and vacate the death sentences imposed on defendant-appellant, Terrell Yarbrough. We do, however, affirm multiple other convictions, including convictions for robbery, burglary, and kidnapping, and a total prison sentence of 59 years for those crimes.
>
> * * *
>
> We find that under R.C. 2901.11, the trial court lacked subject-matter jurisdiction over the aggravated-murder charges on which Yarbrough was tried and convicted. Accordingly, we dismiss Counts 6 through 11 and Counts 13 through 17 and vacate the defendant's sentence of death. Further, we dismiss the charge of receiving stolen property in Count 19 because charges for receiving stolen property and theft of the Chevrolet Blazer are allied offenses of similar import. We affirm the jury's verdict and the trial court's sentence on the remaining counts.

---

[1] The General Assembly amended R.C. 2901.11 in 2005 to prospectively overrule the *Yarbrough* decision. R.C. 2901.11 (Staff notes).

Following the vacation of the aggravated murder convictions, Appellant was tried in Pennsylvania for the murders of Aaron Land and Brian Muha. He was found guilty and sentenced to life in prison. http://www.weirtondailytimes.com/news/local-news/2015/05/man-convicted-of-1999-franciscan-murders-back-in-court-on-legal-issues/.

Case No. 17 JE 0027

Judgment affirmed in part and reversed in part.

*Id.* at ¶ 1, 123.

**{¶5}** In November 2016 Appellant filed a Motion to Vacate Sentence Contrary to Law. 11/10/16 Motion. The arguments asserted in that motion are the same arguments raised in the appeal. Appellant argued he had to be brought back to the trial court for resentencing so that the trial court could impose a final appealable order, the Supreme Court did not vacate all of the firearm specifications attendant to the aggravated murder convictions, the Supreme Court did not merge all allied offenses, and the sentences are contrary to law because when imposing maximum and consecutive sentences the trial court did not consider the offenses separately. 11/10/16 Motion. Since the state did not file a response to the motion, Appellant filed a Motion to Proceed to Judgment. 4/20/17 Motion. The trial court considered the motions and denied the "Motion to Vacate Sentence Contrary to Law." 10/12/17 J.E. It stated that following the Ohio Supreme Court's decision in *Yarbrough*, the matter was not remanded to it. 10/12/17 J.E. It determined it was without jurisdiction to "reverse or modify an Order of the Ohio Supreme Court." 10/12/17 J.E.

**{¶6}** Appellant timely appeals the trial court's decision raising five assignments of error that correspond with the arguments raised in his "Motion to Vacate Sentence Contrary to Law."

### First Assignment of Error

"The failure of the trial court to conduct a de novo resentencing hearing, once the Supreme Court of Ohio had vacated Yarbrough's twelve counts of Aggravated Murder, resulted in Yarbrough being denied a final, appealable order, in violation of his Due Process Protections under the Fourteenth Amendment to the U.S. Constitution and Article I, Section § 10 of the Ohio Constitution."

**{¶7}** Appellant argues the trial court's failure to conduct a de novo sentencing hearing following the Ohio Supreme Court's decision in his direct appeal denied him a final, appealable order.

{¶8}    This argument lacks merit.  The trial court was correct when it stated it did not have jurisdiction to hold a de novo sentencing hearing following the *Yarbrough* decision.  The Ohio Supreme Court did not remand the matter to the trial court for a de novo sentencing hearing.   Instead, the Ohio Supreme Court entered judgment.   It vacated the aggravated murder convictions for lack of subject matter jurisdiction. *Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087 at ¶ 57.  It merged the conviction for receiving stolen property into the conviction for grand theft and vacated the sentence for receiving stolen property.  *Id.* at ¶ 103.  The Court then affirmed all other convictions; "We affirm the jury's verdict and the trial court's sentence on the remaining counts." *Id.* at ¶ 123.  Since, there was no remand the trial court was not required to hold a sentencing hearing.

{¶9}    Furthermore, the trial court had no authority to hold a de novo sentencing hearing on convictions that were affirmed by the Ohio Supreme Court.  If the trial court had held a de novo sentencing hearing on those convictions then it would essentially be reviewing the Ohio Supreme Court's decision to merge the receiving stolen property conviction into the grand theft conviction and vacate the 18 month sentence for receiving stolen property, and affirm all other non-capital convictions.  The trial court had no authority to alter or review that decision; an inferior court does not have the authority to review the Ohio Supreme Court's decision.  *State v. Raphael*, 12th Dist. No. CA2017-01-010, 2018-Ohio-140 (The Ohio Supreme Court is a superior court to the court of appeals and trial court; inferior courts have no authority to review the superior court's decisions.); *State v. Spivey*, 7th Dist. No. 12 MA 75, 2014-Ohio-721, ¶ 34 (An inferior court is bound to the follow the directives of the Ohio Supreme Court and has no authority to overturn them.); Ohio Constitution, Article IV, Section 3(B)(2). (Courts of appeals have jurisdiction to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district.); Ohio Constitution, Article IV, Section 4(B) (Common Pleas Courts have "original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law.").

{¶10}  For those same reasons, whether or not the Ohio Supreme Court's decision in *Yarbrough* was a final order, is not an issue we or the trial court are

authorized to determine. We have authority to review orders from inferior courts and the common pleas court has authority to review administrative proceedings as provided by law. The Supreme Court of Ohio is neither an inferior court nor an administrative agency. Regardless, we note the Ohio Supreme Court has appellate jurisdiction and the power to **review** and **affirm**, **modify**, or **reverse** certain judgments. Ohio Constitution, Article IV, Section 2(B)(2). As aforementioned, the Ohio Supreme Court affirmed, and reversed and vacated the trial court's decision. The first paragraph of the opinion indicates the convictions for all crimes not vacated were affirmed and the total prison term was 59 years. Therefore, the order is a final order.

**{¶11}** Appellant is most likely making these arguments as a means to get the issues raised in his motion to vacate the sentence before the Ohio Supreme Court for review once again. However, neither this court or the trial court has authority to reverse convictions the Ohio Supreme Court has already affirmed. This assignment of error is meritless.

### Second Assignment of Error

"The trial court lacked subject-matter jurisdiction to sentence Yarbrough for firearm specifications in Counts 6-11 and 13-18. The resultant sentences are void and in violation Yarbrough's Due Process Protections under the Fourteenth Amendment to the U.S. Constitution and Article I, Section §10 of the Ohio Constitution."

**{¶12}** For the reasons stated in the first assignment of error, this assignment of error is meritless. We do not have authority to review a sentence affirmed by the Ohio Supreme Court. Even if we could review the sentence the argument fails.

**{¶13}** Appellant contends the Ohio Supreme Court did not vacate the sentences for the firearm specifications attendant to the aggravated murder convictions when it vacated the aggravated murder convictions. Appellant is correct that when the aggravated murder convictions were vacated, the attendant firearm specifications had to be vacated also. R.C. 2941.145, the firearm specification statute, indicates the underlying offense is a necessary element of the firearm specification. *State v. Herring*, 7th Dist. No. 12 JE 32, 2015-Ohio-1281, ¶ 18. Consequently, a firearm specification conviction cannot occur without a conviction on the underlying offense.

{¶14} Appellant's argument, however, fails because he is incorrect in his assumption that the Ohio Supreme Court did not vacate the convictions for the firearm specifications attendant to the aggravated murder convictions. The Ohio Supreme Court indicated in the first paragraph of the opinion the total prison term affirmed is 59 years. *Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087 at ¶ 1. The chart in paragraph 31 of the opinion indicates there were 20 offenses and 14 firearm specifications charged. *Id.* at ¶ 31. The jury found him guilty of all offenses and firearm specifications. *Id.* Seven of the firearm specifications were attendant to the aggravated murder convictions. *Id.* Seven were for other crimes. *Id.* Excluding the firearm specification sentence, Appellant received 54 years and 6 months for all non-capital crimes. *Id.* Appellant received 12 years for the firearm specifications. *Id.*; 9/28/00 J.E. He received 3 years for the firearm specification attendant to the kidnapping of Aaron Land and 3 years for the firearm specification attendant to the kidnapping of Brian Muha. 9/28/00 J.E. The 6 aggravated murder convictions of Aaron Land merged, and Appellant received a 3 year sentence for the firearm specifications attendant to those murder convictions. 9/28/00 J.E. Likewise, the 6 aggravated murder convictions of Brian Muha merged, and Appellant received a 3 year sentence for the firearm specifications attendant to those murder convictions. 9/28/00 J.E. Therefore, 6 years of the 12 year sentence for firearm specifications were part of the sentence for the aggravated murder convictions.

{¶15} When the Ohio Supreme Court vacated the aggravated murder convictions, it did vacate the attendant firearm specifications. In other words, the firearm specification sentence was reduced to 6 years. The Ohio Supreme Court affirmed both kidnapping convictions, both aggravated robbery convictions, the aggravated burglary conviction, and the gross sexual imposition convictions. *Yarbrough* at ¶ 1, 123. The total prison term for those offenses was 51 years and 6 months; the trial court ordered those sentences to be served consecutively and the Ohio Supreme Court did not alter that ruling. *Id.* at ¶ 123 ("We affirm the jury's verdict and the trial court's sentence on the remaining counts."). The Ohio Supreme Court did merge the receiving stolen property and grand theft convictions and vacated the sentence for the receiving stolen property. *Id.* at ¶ 96-103. The trial court sentenced Appellant to 18

months for each of those, which amounted to a 3 year sentence. *Id.* Upon merger by the Ohio Supreme Court, Appellant received an 18 month sentence. *Id.* Therefore, Appellant received 53 years for the crimes without the firearm specification sentences. Adding the 6 year sentence for firearm specifications that were attendant to the kidnapping convictions, the total prison term is 59 years. This corresponds with the first paragraph of the Ohio Supreme Court's decision. Accordingly, Appellant's argument that the Ohio Supreme Court did not vacate the aggravated murder attendant firearm specifications is incorrect.

**{¶16}** This assignment of error lacks merit for all the above stated reasons.

### Third Assignment of Error

"The trial court failed to merge allied offenses of similar import in violation of the Double Jeopardy Clause of the Fifth Amendment, and in violation of Yarbrough's Due Process Protections under the Fourteenth Amendment to the U.S. Constitution and Article I, Section § 10 of the Ohio Constitution."

**{¶17}** Under this assignment of error, Appellant argues many of the offenses affirmed by the Ohio Supreme Court were allied offenses of similar import and should have merged. Specifically he contends aggravated robbery and grand theft should have merged, aggravated robbery and aggravated burglary should have merged, and kidnapping should have merged with gross sexual imposition, aggravated robbery, and aggravated burglary.

**{¶18}** Similar to the second assignment of error, this assignment of error is meritless for the reasons set forth in the first assignment of error. We do not have authority to review convictions affirmed by the Ohio Supreme Court. That said, even if we could review the affirmed convictions the argument fails based on res judicata.

**{¶19}** In his direct appeal to the Ohio Supreme Court, Appellant argued his grand theft and receiving stolen property convictions were allied offenses of similar import and thus, he could not be found guilty and sentenced for both offenses. *Yarbrough*, 2004-Ohio-6087 at ¶ 96. Since the issue was not raised at the trial court level, Appellant waived all but plain error. *Id.* The Court recognized plain error, merged the receiving stolen property conviction into the grand theft conviction, and vacated the 18 month sentence for receiving stolen property. *Id.* at ¶ 99-103.

Case No. 17 JE 0027

{¶20} The merger arguments presented to the trial court in the motion to vacate sentence and to this court in this appeal were not raised to the Ohio Supreme Court in the direct appeal despite the other merger argument being raised. The merger issues raised now clearly could have been raised in the direct appeal. "[A]ny issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. Consequently, the merger arguments are barred by res judicata.

{¶21} This assignment of error lacks merit.

### Fourth and Fifth Assignments of Error

"Yarbrough's sentences for Counts 1, 2, 3, 4 and 12 are contrary to law and violate his Due Process Protections under the Fourteenth Amendment to the U.S. Constitution and Article I, Section § 10 of the Ohio Constitution."

"The consecutive sentences imposed by the trial court on Counts 1, 2, 3, 4, 5, 12, 19 and 20 are contrary to law, and violate Yarbrough's Due Process Protections under the Fourteenth Amendment to the U.S. Constitution and Article I, Section § 10 of the Ohio Constitution."

{¶22} In these assignments of error Appellant argues the maximum and consecutive sentences for the affirmed convictions are contrary to law. Appellant admits the trial court made the maximum and consecutive sentence findings that conformed to the statutes in effect at the time of sentencing. However, he contends that when the Ohio Supreme Court vacated the convictions for aggravated murder, the affirmed sentences no longer conformed to the maximum and consecutive sentence mandates because when the trial court made its findings it considered the aggravated murders.

{¶23} Following the Ohio Supreme Court's 2004 decision in *Yarbrough*, the Ohio Supreme Court in 2006 found the statutory mandates for judicial fact-finding prior to imposing a maximum sentence and judicial fact-finding prior to imposing a consecutive sentence were unconstitutional and the offending portions were severed from the felony sentencing statute. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraphs one, two, three, four, and seven of the syllabus, ¶ 62-67, 82-83, 99-10; *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37. That

determination was based on the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004). Later, the Ohio Supreme Court determined that statutory mandated judicial fact-finding prior to the imposition of consecutive sentences was not unconstitutional. *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, paragraph one of the syllabus. The Court, however, explained the requirement for judicial fact-finding was not judicially revived, rather the General Assembly was required to enact new legislation if it wanted to require judicial fact-finding for the imposition of consecutive sentences. *Id.* at paragraphs two, and three of the syllabus. The Ohio Supreme Court's decision was based on the United States Supreme Court decision in *Oregon v. Ice* , 555 U.S. 160, 129 S.Ct. 711 (2009). In 2011, the General Assembly enacted new legislation requiring consecutive sentence findings before the imposition of consecutive sentences. H.B. 86.

**{¶24}** The law as it stands now is maximum sentence findings are unconstitutional, but consecutive sentence findings are not and those requirements have been re-enacted. Accordingly, if the matter at hand was subject to resentencing, the trial court would not be required to make maximum sentence findings. Any argument to the contrary fails. However, it would be required to make consecutive sentence findings.

**{¶25}** Although consecutive sentence findings would be required to be made if a de novo sentencing hearing was ordered, there was no remand in this case with instructions for the trial court to resentence Appellant. Instead the Ohio Supreme Court acted within its authority to affirm in part and reverse in part the convictions. Thus, the trial court was not required to conduct a de novo sentencing hearing. In fact the trial court had no authority to conduct a de novo sentencing hearing for the convictions affirmed by the Ohio Supreme Court. As explained above, neither this court nor the trial court has authority to review convictions affirmed by the Ohio Supreme Court.

**{¶26}** For those reasons this assignment of error lacks merit.

Conclusion

**{¶27}** All five assignments of error are meritless. The trial court correctly determined it lacked jurisdiction to reverse or modify the Ohio Supreme Court's decision.

Waite, J., concurs.

Bartlett, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**