[Cite as *State v. Ramirez*, 2012-Ohio-3752.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO.  4-12-01

      v.

MOISES RAMIREZ,                      O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Defiance County Common Pleas Court
Trial Court No. 6111

**Judgment Affirmed**

Date of Decision:  August 20, 2012

APPEARANCES:

    *Moises Ramirez,* **Appellant**

    *Russell R. Herman and Morris J. Murray*  **for Appellee**

**SHAW, P.J.**

{¶1} Defendant-appellant, Moises Ramirez ("Ramirez"), appeals the judgments of the Defiance County Court of Common Pleas overruling his "Motion to Correct Defendant's Void Sentence Pursuant to [R.C.] 2947.23(A)(1)(a)&(b)" and his "Motion for Finding [sic] of Fact and Conclusions of Law."

{¶2} In 1994, Ramirez was convicted by a Defiance County jury for one count of rape, five counts of felonious sexual penetration, seven counts of gross sexual imposition, and one count of sexual imposition. The underlying details of the conviction stem from Ramirez's repeated sexual abuse of his daughter, his niece, and his daughter's friend. The sexual acts occurred over a period of time when two of the victims, Ramirez's daughter and niece, were both under the age of thirteen, and when the third victim, his daughter's friend, was over the age of thirteen but less than the age of sixteen. Ramirez was sentenced to an indefinite prison term of fifteen to fifty years. Ramirez subsequently appealed his conviction, which was affirmed by this Court in *State v. Ramirez I*, 98 Ohio App.3d 388 (3d Dist. 1994).

{¶3} Seventeen years later, on October 19, 2011, Ramirez filed his "Motion to Correct Defendant's Void Sentence Pursuant to [R.C.] 2947.23(A)(1)(a)&(b)," which the trial court subsequently overruled.

**{¶4}** On November 2, 2011, Ramirez filed his "Motion for Finding [sic] of Fact and Conclusions of Law" regarding the trial court's overruling of his "Motion to Correct Defendant's Void Sentence Pursuant to [R.C.] 2947.23(A)(1)(a)&(b)," which was also overruled by the trial court.

**{¶5}** On November 8, 2011, Ramirez filed this appeal asserting the following assignments of error.

### ASSIGNMENT OF ERROR NO. I

**THE TRAIL [SIC] COURT ABUSED IT'S [SIC] DISCRETION AND COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT'S MOTION TO CORRECT DEFENDANT'S VOID SENTENCE PURSUANT TO OHIO REVISED CODE § 2947.23(A)(1), SECTIONS (a) & (b), IN FINDING SAID MOTION NOT WELL TAKEN AND REFUSING DEFENDANT'S MOTION FOR FINDINGS OF FACTS AND CONCLUSION [SIC] OF LAW.**

### ASSIGNMENT OF ERROR NO. II

**APPELLANT WAS DENIED EQUAL PROTECTION OF THE LAW BY THE STATE OF OHIO.**

### ASSIGNMENT OF ERROR NO. III

**APPELLANT WAS DENIED HIS RIGHT TO THE OHIO CONSTITUTION UNDER SECTION 10, ARTICLE 1, (EQUAL PROTECTION AND BENEFIT) INTERVENING DECISION.**

### ASSIGNMENT OF ERROR NO. IV

**APPELLANT HAS [SIC] INEFFECTIVE ASSISTANCE OF COUNSEL UPON HIS FIRST APPEAL.**

Case No. 4-12-01

*First Assignment of Error*

**{¶6}** In his first assignment of error, Ramirez argues that the trial court erred when it overruled his "Motion to Correct Defendant's Void Sentence Pursuant to [R.C.] 2947.23(A)(1)(a)&(b)" and his "Motion for Finding [sic] of Fact and Conclusions of Law." As the basis for his motion to correct his sentence and this assignment of error, Ramirez repeatedly references his 2009 case in Richland County, which involved the administrative "reclassification" of incarcerated defendants by the Ohio Attorney General under the newly passed legislation of Ohio's Adam Wash Act.[1] *See State v. Ramirez II*, 5th Dist. No. 08 CA 284, 2009-Ohio-5005.

**{¶7}** Pursuant to R.C. 2950.031(E) and 2950.032(E), Ramirez challenged his administrative "reclassification" by the Ohio Attorney General as a Tier III Sexual Offender in the Richland County Court of Common Pleas. *Ramirez II* at ¶ 2. The merits of Ramirez's 2009 case concerning his sex offender classification were ultimately decided by the Fifth Appellate District. *Ramirez II* at ¶ 24.

**{¶8}** Ramirez now contests his classification as a sex offender in the Richland County case. Specifically, Ramirez claims his "sentence" is void because he was never properly notified by the Richland County Court in 2009 that he may be subject to community service if he fails to pay his court costs pursuant

---

[1] At this time, Ramirez was an inmate at the Mansfield Correctional Institute located in Richland County.

-4-

to R.C. 2947.23(A)(1)(a) &(b).[2] Notably, in his motion to correct his sentence, Ramirez does not raise any issues with the original sentence imposed by the Defiance County Court in 1994.

{¶9} In conducting our review of this appeal, it is apparent that all of Ramirez's complaints raised in his motion to correct his sentence filed with the Defiance County Court pertain to his classification as a sex offender in the Richland County case—a case which is not within our jurisdiction. Moreover, there is no reference to Ramirez's sex offender classification in the Richland County case contained in the Defiance County record before us. Rather, there are *no* filings in the Defiance County record from 1999 to 2011, when Ramirez filed his "Motion to Correct Defendant's Void Sentence Pursuant to [R.C.] 2947.23(A)(1)(a)&(b)" to institute these proceedings.

{¶10} Accordingly, because Ramirez has failed to raise any error in his "Motion to Correct Defendant's Void Sentence Pursuant to [R.C.] 2947.23(A)(1)(a) &(b)" pertaining to a judgment issued by the Defiance County Court, we find no abuse of discretion in the Defiance County Court's decision to overrule Ramirez's motion to correct his sentence. Therefore, we also conclude that the Defiance County Court did not abuse its discretion in overruling

---

[2] We note that Ramirez failed to cite any case law standing for the proposition that a trial court's failure to comply with the community service notifications in R.C. 2947.23(A)(1)(a) &(b) renders a sentence *void*.

Ramirez's "Motion for Finding [sic] of Fact and Conclusions of Law," which was filed based on that court overruling his motion to correct his sentence.

{¶11} Ramirez's first assignment of error is overruled.

*Second, Third, and Fourth Assignments of Error*

{¶12} In the remaining assignments of errors, Ramirez asserts arguments relating to the constitutionality of his "reclassification" as a Tier III Sexual Offender in his 2009 Richland County case. Ramirez also raises issues relating to his 1994 jury conviction in his Defiance County case. Specifically, Ramirez claims the Defiance County Court committed several errors during his 1994 jury trial, and Ramirez also claims he received ineffective assistance of counsel at the 1994 jury trial.

{¶13} For the reasons stated above, this Court will not address Ramirez's arguments relating to his sex offender classification in his 2009 Richland County case. Ramirez's arguments on appeal as they relate to his 1994 conviction by a jury in the Defiance County case are now barred by res judicata because Ramirez had the opportunity to raise these issues in 1994 on his direct appeal of that judgment of conviction. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the

trial that resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, 180. It is well established that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon,* 109 Ohio St.3d 176, 2006–Ohio–1245 at ¶ 16–17. Moreover, there is nothing in the record, nor does Ramirez make any argument, justifying his seventeen-year delay in raising these issues.

{¶14} Based on the foregoing, Ramirez's second, third, and fourth assignments of error are overruled and the judgments of the Defiance County Court of Common Pleas are affirmed.

*Judgments Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**