[Cite as *State v. Broyles*, 2013-Ohio-1130.]

IN THE COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| Plaintiff-Appellee | : | |
| | : | Hon., Sheila G. Farmer P.J. |
| | : | Hon., William B. Hoffman J. |
| -vs- | : | Hon., John W. Wise J. |
| | : | |
| WADE G. BROYLES | : | CASE NO. 12CA67 |
| | : | |
| Defendant-Appellant | : | |
| | : | OPINION |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 2009CR138

JUDGMENT:                       Reversed

DATE OF JUDGMENT ENTRY:         March 12, 2013

APPEARANCES:

For Appellant:                  For Appellee:

Dale M. Musilli - #38035        Jill M. Cochran - #79088
Attorney for Appellant          Assistant Richland County Pros.
105 Sturges Avenue              38 South Park Street
Mansfield, OH  44903            Mansfield, OH  44902

Farmer, J.

{¶1}   Defendant-appellant, Wade Broyles, appeals his sentence from the Richland County Court of Common Pleas on one count of tampering with evidence.

STATEMENT OF THE FACTS AND CASE

{¶2}   On May 5, 2009, appellant was convicted and sentenced on one count of burglary and one count of tampering with evidence.  At that time, the trial court imposed a sentence of six years for the burglary conviction and one year for the tampering with evidence conviction for a total term of incarceration of seven years.  Appellant appealed his conviction and sentence as to the burglary count only.  This Court reversed the appellant's burglary conviction and remanded the cause to the trial court with instructions "to enter a conviction on the lesser-included offense of burglary in violation of R.C. 2911.12(A)(3) and to resentence appellant." *State v. Broyles,* 5th Dist. No. 2009 CA 0072, 2010 WL 1694509 (Apr. 21, 2010).

{¶3}   Upon remand, the trial court sentenced appellant to a term of three years as to the burglary count and resentenced appellant to three years as to the tampering with evidence count.

{¶4}   Appellant now appeals, assigning as error:

"I. THE LOWER COURT COMMITTED PLAIN ERROR BY RE-SENTENCING ON THE SECOND CHARGE (TAMPERING WITH EVIDENCE)."

I.

{¶5}   The issue presented here is whether the trial court lacks jurisdiction to resentence appellant on a count which was not appealed to this Court and was not

Farmer, J.

remanded to the trial court for the purpose of resentencing. We find the trial court lacked jurisdiction to impose a new sentence upon appellant on the tampering with evidence count. For this reason, we sustain appellant's sole assignment of error.

{¶6} In its brief, appellee, the State of Ohio, concedes the trial court lacked jurisdiction to resentence appellant on the tampering with evidence count.

{¶7} The Ohio Supreme Court addressed an issue analogous to the instant case holding, "An appellate court may modify or vacate only a sentence that is appealed by the defendant and may not modify or vacate the entire multiple-offense sentence based upon an appealed error in the sentence for a single offense." *State v. Saxon*, 109 Ohio St.3d 176, 183, 846 N.E.2d 824, 831 (Ohio, 2006). Similarly, the trial court cannot vacate a sentence which was not reversed as part of the appeal.

{¶8} We must now consider whether it is necessary to remand this case for the purpose of imposing the original sentence as to the tampering with evidence charge. The Supreme Court has explained, "Correcting a defect in a sentence without a remand is an option that has been used in Ohio and elsewhere for years in cases in which the original sentencing court, as here, had no sentencing discretion." *State v. Fischer,*128 Ohio St.3d 92, 942 N.E.2d 332 (2010).

{¶9} Because we have jurisdiction to do so, we vacate the three year sentence imposed by the trial court on July 25, 2013 for tampering with evidence. We reinstate and impose the one year sentence for tampering with evidence as entered by the trial court on May 5, 2009. All other portions of the tampering with evidence sentence,

Farmer, J.

including the imposition of any post release control, imposed by the trial court remain

unchanged.

{¶10}  The judgment of the Court of Common Pleas of Richland County, Ohio is

hereby reversed.


By:  Farmer, P.J.
     Hoffman, J. and
     Wise, J. concur


s/Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | CASE NO. 12CA67 |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WADE G. BROYLES | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is reversed. Costs to Appellee.

s/Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE