THE STATE OF OHIO, APPELLANT, *v.* EVANS, APPELLEE.

[Cite as *State v. Evans,* 113 Ohio St.3d 100, 2007-Ohio-861.]

(No. 2005–1692—Submitted November 29, 2006—Decided March 7, 2007.)

O'DONNELL, J.

{¶ 1} The state of Ohio appeals from a decision of the Cuyahoga County Court of Appeals, which vacated and remanded the entire sentence imposed on George Evans, holding that the trial court erred in sentencing him for a repeat violent offender specification because it failed to make the required findings before imposing a sanction on that specification. The question presented in this appeal concerns whether an appellate court should vacate and remand the entire criminal sentence when it determines that a sentencing error has occurred with respect to only one of several imposed as part of a criminal sentence. We answer in the negative.

{¶ 2} The record reveals that in February 2004, officers of the East Cleveland Police Department arrested George Evans after a woman reported that he had grabbed her purse, pulled her into an apartment building, and digitally raped her. A grand jury returned an indictment charging him with rape and kidnapping, both of which had a repeat violent offender specification, a one-year firearm

specification, a three-year firearm specification, and a sexually violent predator specification; in addition, the kidnapping charge included a sexual motivation specification. Evans subsequently pleaded not guilty to these charges.

{¶ 3} On August 10, 2004, following a bench trial, the trial court convicted Evans of rape, kidnapping, a one-year firearm specification, a repeat violent offender specification, a sexual motivation specification, and a sexually violent predator specification. On September 16, 2004, the trial court sentenced him to concurrent ten-year prison terms for his rape and kidnapping convictions, consecutive to a one-year term of incarceration for the firearm specification, consecutive to a three-year term for the repeat violent offender specification, and followed by an indefinite life sentence for the sexually violent predator specification: in aggregate, 14 years to life. The court also classified Evans as a sexual predator.

{¶ 4} Evans appealed to the Eighth District Court of Appeals, challenging his convictions for rape, kidnapping, and the repeat violent offender and firearm specifications. Evans also challenged his entire sentence, alleging that the trial court had imposed maximum sentences in retaliation for his decision to stand trial rather than to accept a plea agreement and that the court had violated his right to allocution.

{¶ 5} The appellate court affirmed his convictions for rape, kidnapping, and the repeat violent offender specification but determined that the trial court had erroneously convicted Evans of the firearm specification and that it had failed to make the findings required by R.C. 2929.14(D)(2)(b) when it imposed an additional three-year term for the repeat violent offender specification. The appellate court vacated his conviction of the firearm specification, and based on its determination that the trial court had erred in failing to make findings with respect to the repeat violent offender specification, it vacated the entire sentence imposed on Evans and remanded the case for resentencing without addressing the claim of retaliatory sentencing, stating that its decision to vacate the entire sentence because of the error with respect to the repeat violent offender specification "renders moot the remaining alleged sentencing errors." *State v. Evans,* Cuyahoga App. No. 85396, 2005-Ohio-3847, 2005 WL 1792351, ¶ 43.

{¶ 6} The state appealed from the decision to vacate and remand the entire sentence, arguing that the court of appeals should have ordered resentencing only with respect to the repeat violent offender specification. It did not challenge the decision to vacate the conviction and sanction for the firearm specification. On January 25, 2006, we accepted discretionary jurisdiction and held this case for disposition of *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824. We then scheduled this matter for briefing and argument on its own merits, as it raises issues different from those presented in *Saxon. Evans,* 108 Ohio St.3d 1514, 2006-Ohio-1519, 844 N.E.2d 1208.

{¶ 7} Specifically, this appeal presents two issues for our consideration: the first is whether an appellate court may vacate and remand an entire sentence when it finds error only in the imposition of sanctions for a specification; the second concerns the obligation of an appellate court to review and rule on each assignment of error before it.

{¶ 8} At the time the court of appeals conducted its review in this case, we had not yet decided three cases that are relevant here. In the first, *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, in accordance with decisions of the United States Supreme Court in *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, *Ring v. Arizona* (2002), 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556, and *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 2538, 159 L.Ed.2d 403, we held that statutory requirements that trial judges make certain findings before imposing an enhanced sentence are unconstitutional. *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph one of the syllabus. We severed the offending statutes and held that trial courts "are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences" or "before imposition of additional penalties for repeat-violent-offender and major-drug-offender specifications." Id. at paragraphs six and seven of the syllabus.

{¶ 9} The second decision is *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, in which we addressed the question of whether, when a trial court has failed to make statutory findings necessary to support the imposition of maximum or consecutive sentences, a "court of appeals may order a limited remand for necessary statutory findings to be placed on the record or whether it must vacate the sentence and remand for a de novo sentencing hearing." Id. at ¶ 1. Because we had, in *Foster*, severed the statutes that required such judicial fact-finding, we affirmed the decision of the court of appeals to vacate and remand for de novo resentencing. Id. at ¶ 3.

{¶ 10} Finally, in *Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, we addressed the question of "whether an appellate court may modify or vacate the entire multiple-offense sentence when a defendant assigns as error the sentence as to only one or more of those offenses but not the entire multiple-offense sentence." Id. at ¶ 1. We held that although an appellate court may vacate, modify, or remand an unlawful sentence, pursuant to R.C. 2953.08(G)(2), the appellate court may do so only with respect to "a sentence for an offense that is appealed by the defendant." Id., paragraph three of the syllabus.

{¶ 11} We specifically rejected the "sentencing package" doctrine, which, as we explained, requires a "court to consider the sanctions imposed on multiple offenses as the components of a single, comprehensive sentencing plan." *Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at ¶ 5, citing *State v. Webb*,

8th Dist. No. 85318, 2005-Ohio-3839, 2005 WL 1792364; *State v. Jackson*, 10th Dist. No. 03AP–698, 2004-Ohio-1005, 2004 WL 396331; and *In re Mitchell* (June 28, 2001), 10th Dist. No. 01AP–74, 2001 WL 722104. According to this doctrine, "an error within the sentencing package as a whole, even if only on one of multiple offenses, may require modification or vacation of the entire sentencing package due to the interdependency of the sentences for each offense." Id. at ¶ 6, citing *United States v. Clements* (C.A.6, 1996), 86 F.3d 599, 600–601.

{¶ 12} In *Saxon*, we concluded that the "sentencing package" doctrine has no application in Ohio for two reasons. First, the "sentencing package" doctrine ignores the sentencing scheme set forth by the Revised Code, which provides a particular, independent sanction or range of sanctions for each offense and does not authorize a trial court at sentencing to consider multiple offenses together. Id. at ¶ 8–9. Thus, in *Saxon*, we stated that the rationale for the doctrine "fails in Ohio where there is no potential for an error in the sentence for one offense to permeate the entire multicount group of sentences." Id. at ¶ 8. Second, we reasoned that our ruling promotes finality in sentencing, as well as judicial economy, by denying a criminal defendant the opportunity to raise, on remand or on subsequent appeal from a resentencing order, issues that could have been raised in his or her direct appeal. Id. at ¶ 16–19.

{¶ 13} In *Saxon*, the facts involved an alleged sentencing error with respect to only one of two offenses; the instant case raises the question of whether an appellate court may vacate the entire sentence imposed when it determines that a sentencing error exists only in regard to the penalty imposed for a specification.

{¶ 14} We acknowledge that R.C. 2929.01(FF) defines "sentence" as "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense." And pursuant to R.C. 2953.08(G)(2), an appellate court may "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing."

{¶ 15} We also recognize, as we did in *State v. Nagel* (1999), 84 Ohio St.3d 280, 286, 703 N.E.2d 773, that "a specification is, by its very nature, ancillary to, and completely dependent upon, the existence of the underlying criminal charge or charges to which the specification is attached." Further, this court has previously referred to specifications as penalty enhancers, rather than separate violations or offenses. For example, in *Foster* we noted, "Unlike all other *penalty-enhancing specifications*, the court, not the jury, makes the necessary factual findings for convicting the offender of being a repeat violent offender * * *." (Emphasis added.) *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 71.

{¶ 16} However, though specifications depend on the existence of underlying offenses and serve to enhance the penalties for those offenses, the Revised Code does not provide that either a trial court or an appellate court may consider an offense and an attendant specification together as a "bundle." Rather, the sentencing statutes set forth the sanctions available for an underlying offense and, separately, the additional sanctions for a specification. See R.C. 2929.11 through 2929.19. In this way, the sanctions imposed for the conviction of the underlying offense are separate from those imposed for conviction of the specification, and an error in the sanction imposed for a specification does not affect the remainder of the sentence.

{¶ 17} Here, the decision by the court of appeals to vacate the part of Evans's sentence attributable to an error in imposing sanctions for a specification does not affect the remaining parts of his sentence. Therefore, upon resentencing, the trial court is not required to exercise judicial discretion in recalculating or reconsidering the sanctions that it lawfully imposed on Evans for his convictions of rape, kidnapping, and the other specification.

{¶ 18} As we stated in *Saxon*, "[n]ot only does sentencing in Ohio lack the underpinning interdependency that supports the [sentencing package] doctrine, but the doctrine * * * ignores the requirements of the Ohio sentencing statutes * * *." *Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at ¶ 11. Moreover, to hold otherwise, here, would contradict the principles of finality and judicial economy that we sought to promote by our holding in *Saxon*. See id. at ¶ 20. Thus, having reviewed the statutes pertaining to sentencing for offenses and specifications in light of *Saxon*, we conclude that an appellate court may not vacate and remand an entire sentence imposed upon a defendant when the error in sentencing pertains only to a sanction imposed for one specification.

{¶ 19} Next we address the concerns of the litigants regarding the appropriate disposition of this matter. The state asserts that the appeal should be remanded to the trial court for resentencing on the repeat violent offender specification pursuant to *Foster* and *Mathis*, while Evans seeks a remand to the appellate court because it failed to address his claim that the trial court sentenced him in retaliation for choosing to stand trial and violated his right to allocution.

{¶ 20} App.R. 12(A)(1) provides that a court of appeals shall:

{¶ 21} "(b) Determine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16, the record on appeal under App.R. 9, and, unless waived, the oral argument under App.R. 21;

{¶ 22} "(c) Unless an assignment of error is made moot by a ruling on another assignment of error, decide each assignment of error and give reasons in writing for its decision."

{¶ 23} The court of appeals failed to address the claim of retaliatory sentencing, concluding that the issue was moot because it had vacated the entire sentence imposed on Evans and remanded the matter for resentencing. In retrospect, the unaddressed issue of retaliatory sentencing is not moot in light of our decisions in *Foster, Mathis, Saxon,* and this case.

{¶ 24} Moreover, Evans's claim of retaliatory sentencing was not necessarily moot even in the absence of these decisions. Had the court of appeals determined from the record that the trial court punished Evans for his decision to exercise his right to trial, it may have considered alternatives to remanding the case for resentencing because an appellate court "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." R.C. 2953.08(G)(2).

{¶ 25} Finally, App.R. 12(A)(1)(c) requires an appellate court to decide each assignment of error unless "made moot by a ruling on another assignment of error." Here, the court of appeals based its decision to remand the case for resentencing upon the error with respect to the repeat violent offender specification, which it identified from the record, concluding that its resolution rendered moot the remaining alleged sentencing errors. But the sentencing error that the appellate court identified had not been raised as an assignment of error or briefed by either party. Thus, the claim of retaliatory sentencing raised by Evans had not been rendered moot by any appellate court ruling "on another assignment of error," as required by App.R. 12.

{¶ 26} Accordingly, we reiterate that App.R. 12(A)(1)(c) requires an appellate court to decide each assignment of error and give written reasons for its decision unless the assignment of error is made moot by a ruling on another assignment of error.

{¶ 27} Based on the foregoing, this matter is remanded to the court of appeals for its further consideration in conformity with our decisions in *Foster, Mathis, Saxon,* and this case.

Judgment accordingly.

MOYER, C.J., LUNDBERG STRATTON and O'CONNOR, JJ., concur.

DONOVAN and LANZINGER, JJ., concur separately.

PFEIFER, J., dissents.

MARY E. DONOVAN, J., of the Second Appellate District, was assigned to sit for RESNICK, J., whose term ended on January 1, 2007.

CUPP, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

**Lanzinger, J., concurring.**

{¶ 28} I concur in the second paragraph of the syllabus and in the judgment order to remand the case to the court of appeals for further consideration, but write separately because I view *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, in a more limited fashion. In *Saxon*, the appellate court had remanded the case for complete resentencing on multicount convictions even though the defendant had appealed his sentence on only one count. We held that pursuant to R.C. 2953.08(G)(2), an appellate court may review a sentence only if it has been appealed by the defendant. Id. at paragraph three of the syllabus.

{¶ 29} Here, Evans challenged his entire sentence, which included maximum prison terms for multiple offenses, allowing an additional sanction for the repeat violent offender ("RVO") specification. Rather than rule on all issues presented, the court of appeals found error in the trial court's failure to make pre-*Foster* findings for the RVO specification and remanded the entire sentence to the trial court for resentencing. See *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶ 30} This penalty-enhancing RVO specification is attached to a particular count in an indictment, and the extra sanction may be imposed only after a maximum prison term is imposed for the underlying offense. Therefore, in my view, a sanction for a specification should be considered part of a "sentence" under R.C. 2929.01(FF) since it is also part of "the sanction or combination of sanctions *imposed* by the sentencing court *on an offender* who is convicted of or pleads guilty to an offense." (Emphasis added.)

{¶ 31} Sentencing errors in discretionary appeals are governed by R.C. 2953.08(G)(2): "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." This directive is simple when the court is reviewing a sentence on a single offense. The problems arise when an entire sentence involving more than one offense or including at least one specification is appealed, but error is discovered in only a portion of the entire sentence. The court of appeals need not necessarily vacate and remand for resentencing, because it has the discretion to "increase, reduce, or otherwise modify" the sentence that is appealed. Errors that occur in sentences for specifications post-*Foster* may be particularly well suited for this treatment.[1] The statute allows the appellate court to correct sentences itself and to save remands of "the matter" for sentences that are vacated and require de novo

---

1. In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, we ordered new sentencing hearings in the trial court for all cases pending on direct review. Id., ¶ 104.

hearings. The statute, however, leaves the choice to the discretion of the court of appeals.

{¶ 32} I would therefore clarify the first paragraph of the syllabus to read that "pursuant to R.C. 2953.08(G)(2), an appellate court need not vacate and remand an entire sentence imposed upon a defendant when the only error pertains to a sanction for a single offense or specification in a multioffense sentence, but it may vacate and remand or may modify the sanction that relates solely to the offense or specification in which error was found."

DONOVAN, J., concurs in the foregoing opinion.

---

PFEIFER, J., dissenting.

{¶ 33} I would affirm the judgment of the appellate court. I dissented in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, because I believe that a sentence includes all the sanctions imposed on a defendant and that R.C. 2953.08(G)(2) allows an appellate court to vacate an entire sentence even when only one particular sanction was wrongly imposed by the trial court. However, the *Saxon* majority held, "An appellate court may modify, remand, or vacate only a sentence for an offense that is appealed by the defendant and may not modify, remand, or vacate the entire multiple-offense sentence based upon an appealed error in the sentence for a single offense." *Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph three of the syllabus. I disagree with *Saxon*, but it is now the law. However, it need not be extended in this case for two reasons.

{¶ 34} First, unlike the defendant in *Saxon*, the defendant in this case did indeed appeal the legality of the *entire* sentence, not just the sentence for one offense. The basis of that appeal, which was not dealt with by the appellate court, is that the trial court imposed an unduly harsh penalty on the defendant in retaliation for the defendant's failure to accept a plea bargain.

{¶ 35} Second, the more specific sentencing error alleged by the defendant here is that the trial court improperly imposed a repeat-violent-offender specification. Rather than being a separate offense, the repeat-violent-offender specification is completely dependent upon the underlying charge, which in this case applied to both the rape and kidnapping charges. Both the sentences on the underlying charges and the sentence on the specification relate to the same offenses. Even under *Saxon*, the appellate court should be able to vacate the entire sentence for each of those offenses.

{¶ 36} The majority opinion may actually work to the benefit of this particular defendant, since he might wish to avoid resentencing by the same trial judge.

Because the majority remands the case to the appellate court, we should urge that court to use its power pursuant to R.C. 2953.08(G)(2) to itself modify the trial court's sentence without remanding it. The record supports the defendant's contention that the trial judge imposed a harsh sentence on the defendant in retaliation for the defendant's election to go to trial. The trial judge assailed the defendant for failing to accept a plea bargain:

{¶ 37} "And one thing that should be a part of this transcript, just in case you get the inkling you want to appeal, is the fact that you had the ability to plead out this case to an F3 or four, sexual battery, and you wouldn't do it. Like so many sexual offenders, they deny, deny, deny. They have to convince themselves and other people of their innocence. And just a totally pathetic attempt to convince society that they're innocent. You could have pled out. Didn't plea out."

{¶ 38} A sentence modification by the appellate court, rather than the court that imposed the original sentence, seems especially appropriate here. If the appellate court determines that the trial judge sentenced Evans with a retaliatory animus, judicial economy and fairness dictate that it should modify Evans's sentence accordingly.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant Prosecuting Attorney, for appellant.

Donald Gallick, for appellee.