OPINION
{¶ 1} Appellant, Lance King, is appealing from the sentence he received for his conviction on several felonies. He assigns a single error for our consideration:
 The trial court erred when it found it lacked judicial discretion to modify a previous sentence when the case was remanded based upon insufficiency of evidence on two counts and the previous judge abused her discretion by imposing the highest minimum sentence.
 {¶ 2} Appellant was indicted on charges of aggravated robbery, felonious assault and kidnapping based upon incidents which occurred in 1986. His trial on the charges *Page 2 
occurred in 1995. He was convicted of four counts of aggravated robbery, two counts of felonious assault and one count of kidnapping. He appealed and two of the convictions were overturned for lack of sufficient evidence. See State v. King (Dec. 19, 1995), Franklin App. No. 95APA04-421.
 {¶ 3} After the first appeal, nothing further occurred until a second sentencing was scheduled in October 2006. At that time, the trial judge now assigned to the case imposed the same sentence which had been imposed previously for the remaining conviction. The judge indicated that he did not feel he could legally change the sentences for the felony convictions which had been affirmed on direct appeal. The direct appeal addressed the sufficiency of the evidence, the weight of the evidence, an evidentiary ruling and a ruling on a motion to suppress, but no sentencing issues.
 {¶ 4} The trial court relied upon State v. Saxon, 109 Ohio St.3d 176,2006-Ohio-1245, at ¶ 21, in which the Supreme Court of Ohio indicated:
 No purpose can be served by forcing a sentencing judge to revisit properly imposed, lawful sentences based upon an error in the sentence for a separate offense.
 {¶ 5} The ruling in the Saxon case was recently affirmed in State v.Evans, 113 Ohio St.3d 100, 2007-Ohio-861. The first paragraph of the syllabus for the Evans case reads:
 An appellate court may not vacate and remand an entire sentence imposed upon a defendant when the error in sentencing pertains only to a sanction imposed for one specification.
Both cases indicate R.C. 2953.08(G)(2) by implication at least bars a resentencing for sentences which were not appealed. *Page 3 
 {¶ 6} R.C. 2953.08(G)(2) reads:
 The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (D)(2)(e) or (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 (b) That the sentence is otherwise contrary to law.
 {¶ 7} We are bound by the Supreme Court of Ohio's interpretation of R.C. 2953.08(G)(2) and the Supreme Court of Ohio's decisions inSaxon and Evans, supra. We, therefore, overrule the single assignment of error submitted for our review.
 {¶ 8} The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 SADLER, P.J., and McGRATH, J., concur. *Page 1