[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. South,* Slip Opinion No. 2015-Ohio-3930.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3930

THE STATE OF OHIO, APPELLANT, *v*. SOUTH, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. South,* Slip Opinion No. 2015-Ohio-3930.]

*R.C. 4511.19, 2941.1413, 2929.13, and 2929.14—Sentence ranges that may be imposed on offenders convicted of a third-degree-felony charge for operating a vehicle while under the influence and a repeat-offender specification under R.C. 2941.1413.*

(No. 2014-0563—Submitted February 3, 2015—Decided September 30, 2015.)

CERTIFIED by the Court of Appeals for Summit County,

No. 26967, 2014-Ohio-374.

_____

FRENCH, J.

{¶ 1} In this certified-conflict appeal, we consider how multiple sentencing statutes interact when a defendant is convicted of an operating-a-vehicle-while-under-the-influence ("OVI") offense as a third-degree felony, as well as a repeat-offender specification. In these circumstances, we hold that a trial court must sentence that defendant to a mandatory prison term of one, two,

three, four, or five years for the repeat-offender specification. The trial court may also sentence the defendant to an additional prison term of 9, 12, 18, 24, 30, or 36 months for the underlying OVI conviction.

### *Facts and Procedural History*

{¶ 2} A grand jury indicted appellee, Edward South, on one count of operating a vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a), a third-degree felony, and a repeat-offender specification under R.C. 2941.1413; one count of operating a vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(d), a third-degree felony; and one count of driving under suspension in violation of R.C. 4510.11, a first-degree misdemeanor. The jury returned a guilty verdict on each count, including the specification.

{¶ 3} Relevant to this appeal, the trial court merged the two OVI counts for sentencing purposes. The court imposed a three-year sentence for the specification, plus an additional, consecutive five-year sentence for the underlying OVI offense, both of which it characterized as "mandatory."

{¶ 4} South appealed to the Ninth District Court of Appeals, which vacated his sentence, holding that it was contrary to law. The Ninth District held that South's sentence "had to consist of a one to five year mandatory prison term on his specification[,] R.C. 4511.19(G)(1)(e)(i)," and a prison term " 'of any duration specified in division (A)(3) of [R.C. 2929.14].' " 9th Dist. Summit No. 26967, 2014-Ohio-374, ¶ 17, quoting R.C. 2929.14(B)(4). Applying R.C. 2929.14(A)(3), the court held that the applicable version of R.C. 2929.14(A)(3)(b) subjected South to a maximum three-year additional sentence for the underlying OVI. Because the trial court's five-year sentence exceeded the permissible maximum, the Ninth District vacated the sentences related to his underlying OVI conviction and the specification. It remanded the matter to the trial court for resentencing.

**{¶ 5}** The Ninth District also certified that its decision conflicted with *State v. Sturgill*, 12th Dist. Clermont Nos. CA2013-01-002 and CA2013-01-003, 2013-Ohio-4648. In *Sturgill*, the Twelfth District analyzed the sentence imposed for identical third-degree-felony OVI and repeat-offender-specification convictions. It upheld Sturgill's five-year sentence for the underlying OVI conviction and separate five-year mandatory sentence for the specification conviction. *Id*. at ¶ 40, 44.[1]

**{¶ 6}** We agreed that a conflict exists on the following question: "When a defendant is convicted of [an] R.C. 2941.1413 specification, does Ohio's OVI statute, R.C. 4511.19[,] prevail so that a five year sentence can be imposed for a third degree felony OVI or does R.C. 2929.14(A) require that the maximum sentence that can be imposed is three years?" 139 Ohio St.3d 1402, 2014-Ohio-2245, 9 N.E.3d 1061.

**{¶ 7}** The certified question assumes that the applicable statutes are irreconcilable. We conclude, however, that we can harmonize the statutes; no one provision need prevail over the others. And harmonizing them, we hold that offenders convicted of a third-degree-felony OVI and a repeat-offender specification under R.C. 2941.1413 are subject to the following: (1) for the specification conviction, a one- to five-year mandatory prison sentence, which must be served prior to and consecutive to any additional prison term and (2) for the underlying OVI conviction, a discretionary term of 9 to 36 months.

*Analysis*

**{¶ 8}** Our primary concern when construing statutes is legislative intent. *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996). When we construe statutes relating to the same

---

[1] We note that since oral argument in this case, the Twelfth District has overruled *Sturgill* and interpreted the sentencing statutes consistent with our holding today. *State v. Burkhead*, 12th Dist. Butler No. CA2014-02-028, 2015-Ohio-1085.

subject matter, we consider them together to determine the General Assembly's intent—even when the various provisions were enacted separately and make no reference to each other. *D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, ¶ 20, citing *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph two of the syllabus. This requires us to harmonize provisions unless they irreconcilably conflict. *Hughes v. Ohio Bur. of Motor Vehicles*, 79 Ohio St.3d 305, 308, 681 N.E.2d 430 (1997). In doing so, "we must arrive at a reasonable construction giving the proper force and effect, if possible, to each statute." *D.A.B.E.* at ¶ 20, citing *Maxfield v. Brooks*, 110 Ohio St. 566, 144 N.E. 725 (1924), paragraph two of the syllabus.

{¶ 9} Mindful of these principles, we consider the sentencing statutes applicable to these convictions. Stretched among multiple provisions within four separate statutes, they are repetitive and confusing, to say the least. We consider each statute, in turn.

## R.C. 4511.19

{¶ 10} South was convicted of violating R.C. 4511.19(A)(1)(a) and (d), which prohibit operating a motor vehicle while under the influence of alcohol or drugs. R.C. 4511.19(G)(1) requires a court to sentence an offender under R.C. Chapter 2929, "except as otherwise authorized or required by" R.C. 4511.19(G)(1)(a) to (e). R.C. 4511.19(G)(1)(e) provides that an offender who, like South, has previously been convicted of a felony OVI, is guilty of a felony of the third degree. For an offender who, like South, is being sentenced for a violation of R.C. 4511.19(A)(1)(a) or (d), subsection (G)(1)(e)(i) requires the court to impose "a mandatory prison term of one, two, three, four, or five years as required by and in accordance with [R.C. 2929.13(G)(2)] if the offender also is convicted of or also pleads guilty to a specification of the type described in [R.C. 2941.1413]."

**{¶ 11}** So, applied here, R.C. 4511.19 identifies South's offenses as third-degree felonies. But more important for the question at hand, cross-referencing both R.C. 2929.13(G)(2) and R.C. 2941.1413, R.C. 4511.19 requires a sentencing court to impose a mandatory term of one to five years if an offender is convicted of a specification pursuant to R.C. 2941.1413. We turn, then, to the specification.

R.C. 2941.1413

**{¶ 12}** South was convicted of violating R.C. 2941.1413(A), which prescribes the repeat-offender specification an indictment must include in order to support "[i]mposition of a mandatory additional prison term of one, two, three, four, or five years upon an offender under" R.C. 2929.13(G)(2). In this way, this section simply repeats the one- to five-year mandatory additional prison term that R.C. 4511.19 prescribes. Both sections also refer to R.C. 2929.13, which we consider next.

R.C. 2929.13

**{¶ 13}** R.C. 2929.13 is a general sentencing statute that provides guidance by degree of felony. R.C. 2929.13(A) states: "Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in" R.C. 2929.14 to 2929.18.

**{¶ 14}** R.C. 2929.13(A) provides: If the offender is being sentenced for a third-degree-felony OVI offense, in addition to "the mandatory prison term required for the offense by division (G)(1) or (2) of this section," the court must impose a fine

and may impose whichever of the following is applicable:

　　　* * *

(2) For a third or fourth degree felony OVI offense for which sentence is imposed under division (G)(2) of this section, an additional prison term as described in [R.C. 2929.14(B)(4)] or a community control sanction as described in (G)(2) of this section.

R.C. 2929.13(G) says:

Notwithstanding divisions (A) to (E) of this section, if an offender is being sentenced for a * * * third degree felony OVI offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:

* * *

(2) If the offender is being sentenced for a third degree felony OVI offense, * * * the court shall impose upon the offender a mandatory prison term of one, two, three, four, or five years if the offender also is convicted of or also pleads guilty to a specification of the type described in [R.C. 2941.1413] * * *. * * * The offender shall serve the one-, two-, three-, four-, or five-year mandatory prison term consecutively to and prior to the prison term imposed for the underlying offense and consecutively to any other mandatory prison term imposed in relation to the offense.

{¶ 15} Several points are important here. First, subsection (G)(2) repeats the imposition of a one- to five-year mandatory term following a conviction for an R.C. 2941.1413 specification—the same one- to five-year mandatory term that both R.C. 4511.19 and 2941.1413 impose for the specification conviction. Second, subsection (G)(2) expressly states that the offender must serve the

specification-related sentence "consecutively to and prior to the prison term imposed for the underlying offense." And third, subsection (A) requires that when a sentencing court imposes the mandatory specification-related sentence, the court also "may impose" an additional prison term prescribed in R.C. 2929.14 or a community-control sanction prescribed in subsection (G)(2) for the underlying OVI offense. To determine the term a court may impose, we turn, finally, to R.C. 2929.14.

## R.C. 2929.14

{¶ 16} Subject to exceptions not applicable here, R.C. 2929.14 applies if a sentencing court elects or is required to impose a prison term. R.C. 2929.14(A)(3)(a) provides that for a felony of the third degree that is a violation of listed offenses not at issue here, the term "shall be" in the range of 12 to 60 months. But for third-degree-felony offenses not listed in division (A)(3)(a), "the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." R.C. 2929.14(A)(3)(b).

{¶ 17} R.C. 2929.14(B)(4) also provides:

> If the offender is being sentenced for a third or fourth degree felony OVI offense under [R.C. 2929.13(G)(2)], the sentencing court shall impose upon the offender a mandatory prison term in accordance with that division. In addition to the mandatory prison term, * * * if the offender is being sentenced for a third degree felony OVI offense, the sentencing court may sentence the offender to an additional prison term of any duration specified in division (A)(3) of this section.

{¶ 18} Again, several points are important. First, because the underlying OVI offense at issue here is not one of the excepted third-degree felonies listed in

R.C. 2929.14(A)(3)(a), subsection (A)(3)(b) provides a sentence of 9 to 36 months for that offense. Second, R.C. 2929.14(B)(4) repeats the requirement of imposing a one- to five-year sentence arising from R.C. 2929.13(G)(2) and the specification conviction. And finally, for those specification-offenders sentenced under R.C. 2929.13(G)(2), R.C. 2929.14(B)(4) expressly states that for third-degree-felony-OVI offenses, a sentencing court *may* impose "an additional prison term of any duration specified" in R.C. 2929.14(A)(3), that is, a sentence of 9 to 36 months for the underlying OVI offense.

### *Permissible Sentencing Ranges*

{¶ 19} Applying these provisions together, offenders convicted of a third-degree-felony-OVI charge and a repeat-offender specification under R.C. 2941.1413 are subject to the following sentencing ranges: (1) a one- to five-year mandatory prison term for the repeat-offender-specification conviction, which must be served prior to and consecutive to any additional prison term imposed under R.C. 2929.14(A)(3)(b) and (2) a discretionary 9- to 36-month definite prison term for the underlying OVI conviction.

{¶ 20} The justices who dissent in part from this opinion interpret R.C. 2929.14(B)(4) to allow a discretionary sentence of any term provided in R.C. 2929.14(A)(3)(a) *or* (b). Concurring and dissenting opinion at ¶ 52. In doing so, they rely in part on testimony before criminal-justice committees in both houses of the General Assembly and analyses submitted by the Ohio Judicial Conference and the Ohio Prosecuting Attorneys Association. *Id*. at ¶ 47. This information is unpersuasive because Ohio does not maintain a comprehensive legislative history of its statutes. *State v. Dickinson*, 28 Ohio St.2d 65, 67, 275 N.E.2d 599 (1971). Instead, we rely on the language the General Assembly chose and our long-established rules of statutory construction.

{¶ 21} Having distilled the sentencing provisions from the various statutory subsections, we now apply them to South.

***South's Sentencing***

{¶ 22} Portions of South's sentencing entry are difficult to decipher, but we can conclude that the trial court imposed a three-year mandatory term for the specification and an additional five-year mandatory term for the underlying OVI offense. The Ninth District addressed only the five-year term for the OVI offense, holding that it was contrary to law. The parties did not address the propriety of the three-year term stemming from the repeat-offender-specification conviction, although the Ninth District vacated that portion of the sentence, too.

***Applying the Statutes to South***

{¶ 23} For defendants like South, sentencing courts must impose a prison term of one, two, three, four, or five years for the R.C. 2941.1413-specification conviction. R.C. 4511.19(G)(1)(e)(i) and 2929.13(G)(2). Therefore, South's specification-related sentence—a mandatory three-year prison term—is not contrary to law.

{¶ 24} As to the underlying OVI conviction, R.C. 2929.14(A)(3)(b) provides that any additional prison term for an underlying third-degree-felony-OVI conviction must be 9, 12, 18, 24, or 36 months. South received a five-year mandatory prison term for his underlying OVI conviction. Therefore, that sentence is contrary to law, and the Ninth District correctly vacated South's underlying-OVI-related prison term.

{¶ 25} We note, too, that the trial court labeled the five-year additional prison term for the underlying OVI conviction as "mandatory." But there is no statutory provision imposing a *mandatory* additional sentence for third-degree-felony-OVI convictions underlying R.C. 2941.1413-specification convictions. Rather, as noted, for the underlying third-degree-felony-OVI conviction, a trial court *may* impose an additional definite term of 9 to 36 months.

{¶ 26} Though the parties did not discuss it, *State v. Evans*, 113 Ohio St.3d 100, 2007-Ohio-861, 863 N.E.2d 113, along with R.C. 2953.08(G)(2),

compels us to reverse the appellate court's decision to vacate South's statutorily authorized specification-related prison term. As the appellate court noted, R.C. 2953.08(G)(2) allows appellate courts to "vacate the sentence and remand the matter to the sentencing court for resentencing" if the sentence is contrary to law. *See also State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 4. But in *Evans*, we stated:

> [T]he Revised Code does not provide that either a trial court or an appellate court may consider an offense and an attendant specification together as a "bundle." Rather, the sentencing statutes set forth the sanctions available for an underlying offense and, separately, the additional sanctions for a specification.

*Id*. at ¶ 16, citing R.C. 2929.11 through 2929.19. Because there is no infirmity in South's specification-related prison term, the appellate court should not have vacated and remanded that sanction for resentencing. We reverse that portion of the appellate court's judgment.

### *Conclusion*

**{¶ 27}** We affirm in part and reverse in part the Ninth District's judgment. We reinstate South's mandatory three-year prison sentence associated with his repeat-offender-specification conviction, and we remand this matter to the trial court for resentencing on the underlying OVI conviction in accordance with R.C. 2929.14(A)(3)(b).

Judgment affirmed in part
and reversed in part,
and cause remanded.

O'CONNOR, C.J., and PFEIFER, LANZINGER, and O'NEILL, JJ., concur.

O'DONNELL and KENNEDY, JJ., concur in part and dissent in part.

_____

**O'CONNOR, C.J., concurring.**

{¶ 28} I concur fully in the majority's reasoning and holding. I write separately solely for the purpose of emphasizing that our role, as members of the judiciary, requires fidelity to the separation-of-powers doctrine. Accordingly, we must respect that the people of Ohio conferred the authority to legislate solely on the General Assembly. *Sandusky City Bank v. Wilbor*, 7 Ohio St. 481, 487-488 (1857); Article II, Section 1, Ohio Constitution. That authority includes the important and meaningful role of defining criminal offenses and assigning punishment for those offenses.

{¶ 29} As the majority opinion recognizes, the statutes at issue in this appeal span four separate statutes and "are repetitive and confusing, to say the least." Majority opinion at ¶ 9. But rather than treating the complicated scheme here as an invitation to interpret the statutes as we wish they were written, the majority adeptly fulfills its duties to construe the statutes according to legislative intent, harmonizing them in a proper and reasonable fashion, and giving the provisions their proper force and effect. *D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, ¶ 20; *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996); *State ex re. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph two of the syllabus.

{¶ 30} The majority's holding is based on a careful consideration of the plain wording and intent of the statutes as well as proper applications of the established rules of statutory construction. And it reflects the approach taken by several of our appellate courts. *See, e.g., State v. Burkhead*, 12th Dist. Butler No. CA2014-02-028, 2015-Ohio-1085; *State v. Eckles,* 173 Ohio App.3d 606, 2007-Ohio-6220, 879 N.E.2d 829 (7th Dist.); *State v. Smaltz,* 6th Dist. Ottawa No. OT-08-008, 2013-Ohio-5350; *State v. Weideman,* 11th Dist. Portage No. 2013-P-

0100, 2014-Ohio-5768. As importantly, it illustrates a proper application of judicial restraint that affords due respect to the legislature.

{¶ 31} Although any member of the judiciary is certainly entitled to his or her opinion that another justice's or judge's interpretation of a statutory scheme is "illogical," concurring and dissenting opinion at ¶ 55, none of us is entitled to interpret a statutory scheme to make it reflect the logic that the justice or judge wants it to reflect. As we repeatedly have recognized, judicial policy preferences may not be substituted for valid legislative enactments. *See, e.g., Painter v. Graley*, 70 Ohio St.3d 377, 385, 639 N.E.2d 51 (1994), citing *State v. Smorgala*, 50 Ohio St.3d 222, 223, 553 N.E.2d 672 (1990).

{¶ 32} It is fully within the province of the General Assembly to set the penalty for a third-degree-felony-OVI offense. Whether we agree or disagree with the legislature's resolution of policy questions is immaterial to our duty as justices. This is true particularly when the policy questions relate to criminal-sentencing statutes. After all, judges have no inherent power to create sentences. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 22, citing Griffin & Katz, *Ohio Felony Sentencing Law*, Section 1:3, at 4, fn. 1 (2008).

{¶ 33} Rather than interpreting statutes to make them fit our views of what Ohio's public policy should be, we must harmonize even their most complicated provisions in a manner that is consistent with their wording and the legislative intent that lies behind those words. The majority opinion adeptly does so, rejecting the temptation to adopt a contrary analysis that another court has already labeled "misguided," *Burkhead*, 2015-Ohio-1085, ¶ 13.

{¶ 34} If we are incorrect in our understanding of the words used by the General Assembly in its complicated statutory scheme for OVI offenders, the General Assembly will amend the statute to more clearly indicate its intent. *Anderson v. Barclay's Capital Real Estate, Inc.*, 136 Ohio St.3d 31, 2013-Ohio-

1933, 989 N.E.2d 997, ¶ 25; *Shay v. Shay*, 113 Ohio St.3d 172, 2007-Ohio-1384, 863 N.E.2d 591, ¶ 25 (noting that within six months of a decision interpreting R.C. 3937.31, the General Assembly responded by amending the statute). But until it signals that this court and at least four courts of appeals are incorrect in our understanding of what the legislature intended, judges must apply the sentencing provisions of the Revised Code that govern OVI offenses in the manner set forth by the majority.

LANZINGER, J., concurs in the foregoing opinion.

_____

**O'NEILL, J., concurring.**

{¶ 35} I concur in the majority's statutory analysis. Simply put, the plain language of the statutes governs. While I understand the statutory framework, I write separately to explain the effect it is having on justice in Ohio's courtrooms. The Ohio General Assembly has adopted a policy of mandating the sentences available to judges—which has the practical effect of telegraphing to judges: "No discretion needed here."

{¶ 36} The root cause of almost all repeat criminal behavior is that the defendant failed to "get it" the last time. But this is not always true. Factors such as addiction and poverty commonly lead to repetitious offending. In those circumstances, mandatory jail terms, like that required for the specification in this case, tie the hands of the trial court judges. This case offers us an illustrative example: Does Edward South need another round in prison or a comprehensive medical intervention for his addiction? It is likely that he needs both. A lengthy prison sentence alone simply will not cure this habitual drunk driver. There are those in the legislature who would truly like to replace judges with an automated data-processing machine. "You do this crime, and you get that sentence. Don't bother me with the specific facts of the case."

**{¶ 37}** This type of thinking led to R.C. 2951.041(B)(2), which ties the hands of the trial courts by excluding drunk drivers from the case-by-case attention regularly given to other offenders dealing with addiction. That makes no sense, since addiction is almost always at the core of repeat drunk-driving convictions. When a court imposes intervention in lieu of conviction, the intervention plan must require abstention from illegal drugs and alcohol, participation in treatment and recovery programs, and random testing for substances. R.C. 2951.041(D). In these cases, the court has broad power to craft creative methods for dealing with individuals on a case-by-case basis. *Id.* If an offender fails to comply with his or her plan, the court may impose a prison term. R.C. 2951.041(F).

**{¶ 38}** We elect judges to make decisions on a case-by-case basis. Theft to feed a child is obviously different from theft by a career criminal. I believe that we can trust Ohio's elected trial court judges to make tough calls about sentencing. Judges act responsibly when given broad sentencing authority and the power to impose nonprison alternatives. Society does in fact render its judgment on the performance of all judges every six years at the ballot box.

**{¶ 39}** Our elected trial courts are eminently capable of crafting less costly and more effective alternatives to long and expensive imprisonment. Let judges do the jobs that they were elected to do.

_____

**KENNEDY, J., concurring in part and dissenting in part**.

**{¶ 40}** Respectfully, I concur in part and dissent in part.

**{¶ 41}** I wholly agree with Chief Justice O'Connor's concurring opinion that as members of the third branch of government we *must* adhere to our limited role in our constitutional form of government and avoid encroaching upon the powers conferred on the other branches. As members of the judicial branch "we must respect that the people of Ohio conferred the authority to legislate solely on

the General Assembly."  Chief Justice O'Connor's concurring opinion at ¶ 28.  As emphasized by the United States Supreme Court, the authority to define and fix the punishment for a crime belongs indisputably to the legislature.  *Ex Parte United States,* 242 U.S. 27, 42, 37 S.Ct. 72, 61 L.Ed. 129 (1916).  It is for these very reasons that I respectfully concur in part with and dissent in part from the majority opinion.

**{¶ 42}** The certified question before us is a narrow one and asks us to give effect to the sentencing policies of the General Assembly when an offender is convicted of a third-degree-felony offense of operating a vehicle while under the influence ("OVI") and a repeat-offender specification.  I agree with the majority that R.C. 4511.19 required the trial court to sentence Edward South to a mandatory prison term of one, two, three, four, or five years for the OVI repeat-offender specification.  I also agree with the majority that the General Assembly, pursuant to R.C. 2929.14(B)(4), gave the trial court discretionary authority to impose additional prison time for the underlying third-degree-felony OVI offense.

**{¶ 43}** The only remaining question, therefore, is, what was the intention of the General Assembly when it said in R.C. 2929.14(B)(4) that a trial court has discretion to sentence an offender for the underlying third-degree-felony OVI offense to any duration specified in R.C. 2929.14(A)(3)?  Did the General Assembly intend, as the majority declares, that only those terms of imprisonment found in R.C. 2929.14(A)(3)(b) apply?  Based on the statutory language that the General Assembly chose, the answer is no.  Therefore, I dissent.

**{¶ 44}** R.C. 2929.14(A) states, "Except as provided in division * * * (B)(4) * * * of this section * * * the court shall impose a definite prison term that shall be one of the following * * * ."  This language signals that the provisions of R.C. 2929.14(B)(4) are controlling when sentencing an underlying felony OVI offense.  Therefore, R.C. 2929.14(A) yields to those provisions of R.C. 2929.14(B)(4) that modify or change R.C. 2929.14(A).  *See State v. Evans*, 102

Ohio St.3d 240, 2004-Ohio-2659, 809 N.E.2d 11, ¶ 15. The General Assembly provided in R.C. 2929.14(B)(4) that an additional prison term of any duration specified in R.C. 2929.14(A)(3) may be imposed for the underlying third-degree-felony OVI offense. This requires that both subsections (A)(3)(a) and (A)(3)(b) of R.C. 2929.14 apply. Accordingly, I would hold that the General Assembly gave the trial court discretionary authority to sentence South to an additional prison term of 9, 12, 18, 24, 30, 36, 42, 48, 54, or 60 months for the underlying third-degree-felony OVI offense.

{¶ 45} The majority places a limitation on the General Assembly's language by asserting that only subsection (A)(3)(b) of R.C. 2929.14 applies when sentencing pursuant to R.C. 2929.14(B)(4). However, the General Assembly placed no such limitation in the statute. *See Cleveland Mobile Radio Sales, Inc. v. Verizon Wireless,* 113 Ohio St.3d 394, 2007-Ohio-2203, 865 N.E.2d 1275, ¶ 12 (a court may not delete or insert words in construing a statute, but must give effect to the words the General Assembly has chosen).

{¶ 46} This reading of the statute is bolstered when examined in light of its language when it was originally enacted, the amendments that were made to the language, and the testimony that was presented to the General Assembly when it was considering the amendments. In 1996, the General Assembly enacted R.C. 2929.14(D)(4), the predecessor to R.C. 2929.14(B)(4). Am.Sub.S.B. No. 166, 146 Ohio Laws, Part V, 9852, 9876 (effective Oct. 17, 1996). When it was enacted, R.C. 2929.14(D)(4) addressed only an underlying fourth-degree-felony OVI offense and provided that the offender could receive up to 18 months for that underlying offense. *Id*.

{¶ 47} In 2000, the General Assembly amended R.C. 2929.14(D)(4) to address when the underlying OVI offense was a third-degree felony. Am.Sub.S.B. No. 22, 148 Ohio Laws, Part IV, 8353, 8364, 8367 (effective May 17, 2000). Consistent with the June 6, 1999 testimony before the House Criminal

Justice Committee of then-senator Bruce Johnson, the General Assembly amended R.C. 2929.14(D)(4) to provide that the length of sentence for an underlying third-degree-felony OVI offense was controlled by R.C. 2929.14(A)(3), which provided for a prison term of one, two, three, four, or five years. *Id.* Also testifying in support of increasing the penalty for repeat OVI offenders was Michael K. Allen, who was the Hamilton County prosecutor at the time. He illustrated the need for greater punishment by submitting a summary of the OVI history of a defendant who in a 25-year period had 13 OVI convictions and a 14th charge pending. The defendant's maximum possible sentence for the 14th OVI was 18 months.

{¶ 48} In 2011, House Bill No. 86, a bill aimed at reducing overcrowding in Ohio's prisons and "eas[ing] the strain of incarceration on the state budget," was introduced. Representative Lou Blessing, Sponsor Testimony in Support of H.B. 86, House Criminal Justice Committee, February 23, 2011. Among other provisions, H.B. 86, as introduced, decreased the maximum sentence for a third-degree felony from five to three years, a provision recommended by the Council of State Governments Justice Center. *Id*. at 2; *see also* Marshall Clement, Witness Testimony in Support of H.B. 86, February 23, 2011.

{¶ 49} This proposed sentence reduction for third-degree felonies was met with opposition from the Ohio Judicial Conference ("OJC") and the Ohio Prosecuting Attorneys Association ("OPAA"). Ohio Judicial Conference, June 3, 2011 Judicial Impact Statement, http://www.ohiojudges.org/Document.ashx?DocGuid=d71deb56-9a3e-4ada-94fe-527b9600e340 (accessed Sept. 1, 2015); Ohio Prosecuting Attorneys Association, Memorandum to House Criminal Justice Committee regarding H.B. 86, April 6, 2011. The OJC's statement specifically addressed the serious nature of some third-degree-felony offenses, such as repeat-OVI offenses and crimes of violence:

There are serious offenses that are classified as felonies of the third degree such as unlawful sexual conduct where there is a 10 or more year age difference, sexual battery, a second felony OVI offense, child endangerment where there is serious physical harm cause[d] to the victim * * * aggravated vehicular assault, abduction, robbery, burglary, aggravated involuntary manslaughter, and third offense domestic violence. These offenses are predominantly crimes of violence and bear more similarity to first and second degree felonies in terms of sheer gravity, than to fourth and fifth degree felonies.

**Recommendation: Retain the ability for a judge to impose a four or five year penalty for felonies of the third degree.**

(Emphasis sic.) Ohio Judicial Conference, June 3, 2011 Judicial Impact Statement, http://www.ohiojudges.org/Document.ashx?DocGuid=d71deb56-9a3e-4ada-94fe-527b9600e340.

{¶ 50} Members of the General Assembly also heard the testimony of Judge Jerry McBride, Clermont County Common Pleas Court. Judge McBride's position was in concert with the OJC's; he opposed reducing the sentence for third-degree-felony offenses because there are serious offenses classified as third-degree felonies, including violent crimes and repeat-OVI offenses. Addressing repeat-OVI offenses, he stated:

[I]t is my opinion that reducing the maximum possible penalty for a felony of the third degree from five years to three years will impair the confidence that the public will have in the fairness of the sentencing scheme * * *. Just using one

18

example, a first felony OVI would be punishable with a maximum prison term of 30 months, while a second (or hundredth for that matter) felony OVI would only be punishable by a maximum prison term of 36 months. The proposed reduction in the sentencing range * * * will also impair my ability to give a sentence that is proportionate based on the seriousness of the conduct involved.

Clermont County Common Pleas Court Judge Jerry McBride, Witness Testimony in Opposition to H.B. 86, Senate Judiciary—Criminal Justice Committee, May 17, 2011.

{¶ 51} In 2011, when the General Assembly amended R.C. 2929.14, it subdivided R.C. 2929.14(A)(3) into subsections (a) and (b). 2011 Am.Sub.H.B. No. 86 (effective Sept. 30, 2011). In subdividing (A)(3), the General Assembly addressed the concerns of both the proponents and opponents of the original bill. In R.C. 2929.14(A)(3)(a), the General Assembly provided a sentencing range of 12 to 60 months for those third-degree-felony offenses that are predominately offenses of violence. In R.C. 2929.14(A)(3)(b), the General Assembly gave effect to the recommendation of the Council of State Governments Justice Center by providing a sentencing range of 9 to 36 months for other third-degree felonies.

{¶ 52} In the 2011 amendments, the General Assembly also recodified subsection R.C. 2929.14(D)(4), which addresses sentencing for repeat-OVI offenders, as subsection (B)(4). 2011 Am.Sub.H.B. No. 86. It amended the "[e]xcept as provided in division" language of R.C. 2929.14(A) to reflect this recodification. The legislature did *not* change the language of R.C. 2929.14(B)(4), and the length of the discretionary sentence that a trial court could impose for an underlying third-degree-felony OVI offense was still controlled by R.C. 2929.14(A)(3) as a whole. Therefore, the General Assembly intended that

after the 2011 amendments, the discretionary sentencing authority of a trial court included prison terms set forth in R.C. 2929.14(A)(3)(a) and (b).

{¶ 53} Chief Justice O'Connor's concurring opinion cites four cases and contends that all of these cases have taken the approach advanced by the majority. However, in *State v. Eckles*, 173 Ohio App.3d 606, 2007-Ohio-6220, 879 N.E.2d 829 (7th Dist.), the Seventh District examined the sentencing structure for an OVI repeat-offender conviction and an underlying fourth-degree-felony OVI conviction, not a third-degree-felony OVI conviction. *Id.* at ¶ 2. The Seventh District neither relied upon nor engaged in any statutory analysis of R.C. 2929.14(D)(4), the predecessor to R.C. 2929.19(B)(4). *Id.* at ¶ 58-65. In *State v. Smaltz*, 6th Dist. Ottawa No. OT-08-008, 2013-Ohio-5350, the Sixth District applied a version of R.C. 2929.14(A)(3) that was prior to the General Assembly's 2011 amendment that subdivided R.C. 2929.14(A)(3) into subsections (a) and (b). *Id.* at ¶ 11. In *State v. Weideman*, 11th Dist. Portage No. 2013-P-0100, 2014-Ohio-5768, the Eleventh District reached the same conclusion as the majority, that the (A)(3) provision in R.C. 2929.14(B)(4) means (A)(3)(b). *Id.* at ¶ 16. The appellate court did so, however, without explanation as to why it was reading subsection "(b)" into the statute notwithstanding its acknowledgement that "third-degree felony OVI offenses are specifically governed by R.C. 2929.14(B)(4), rather than section (A)(3)(b)." *Id.* at ¶ 12.

{¶ 54} Finally, in *State v. Burkhead,* 12th Dist. Butler No. CA2014-02-028, 2015-Ohio-1085, ¶ 13, the Twelfth District disavowed its "misguided" decision in *State v. Sturgill,* 12th Dist. Butler No. CA2013-01-002, 2013-Ohio-4648. The *Sturgill* court had relied upon R.C. 2929.13(G)(2) to determine the sentence for the underlying OVI conviction. *Id.* at ¶ 42-43. Accordingly, the "misguided" analysis that the *Burkhead* court addresses is not the basis of this dissent. Moreover, the *Burkhead* court, in reaching its conclusion that "the additional sentence for the underlying OVI offense was governed under R.C.

2929.14(A)(3) and (B)(4)," *Burkhead*, ¶ 13, followed the lead of the *Weideman* court and read subsection (A)(3)(b) into the language of (B)(4) without any explanation.

{¶ 55} Based on the plain language of the statute, it is illogical to find that the General Assembly intended to limit a trial court's discretionary sentencing authority for an underlying third-degree-felony OVI offense to a maximum of 36 months pursuant to R.C. 2929.14(A)(3)(b), when R.C. 2929.14(B)(4) refers to R.C. 2929.14(A)(3) as a whole. If the General Assembly had intended to limit the discretionary sentencing authority of a trial judge for underlying third-degree-felony OVI offenses pursuant to R.C. 2929.14(A)(3)(b), then in 2011, the General Assembly would have changed R.C. 2929.14(B)(4) to provide that only R.C. 2929.14(A)(3)(b) applied. However, the legislature did not do so.

{¶ 56} The problems caused when drivers operate vehicles while under the influence of alcohol are well known. The Ohio Department of Public Safety reported that in 2014, there were 271 fatal crashes, 5,049 injury crashes, and 7,160 property-damage crashes that were related to alcohol. http://www.publicsafety.ohio.gov/links/2014CrashFacts.pdf, Table 6.02 (accessed Aug. 26, 2015). It is also well known that OVI offenders often reoffend. In March 2014, the National Highway Traffic Safety Administration released a study regarding repeat offenders and concluded that of those in Ohio convicted of OVI in the years 2007 to 2011, 34 percent had prior OVI arrests within six years of their conviction. www.nhtsa.gov/staticfiles/nti/pdf/811991-DWI_Recidivism_in_USA-tsf-rn.pdf, page 3 (accessed Aug. 26, 2015). It is the exclusive province of the General Assembly to make policy decisions as to the best way to address the problems underlying these statistics and protect the citizens of Ohio from OVI offenders.

{¶ 57} For all the foregoing reasons, I would affirm in part and reverse in part the Ninth District's judgment. I agree with the majority that the court of

appeals should not have vacated South's mandatory three-year prison sentence associated with his repeat-offender-specification conviction and that that sentence should be reinstated. Additionally, I agree with the majority that the court of appeals was correct in vacating South's five-year prison sentence for the underlying OVI conviction, but only because the trial court believed that the five-year sentence was mandatory. On remand, I would instruct the trial court that it is within its discretion to impose an additional prison term of any duration as set forth in R.C. 2929.14(A)(3)(a) and (b) for the underlying OVI conviction for a felony of the third degree.

**{¶ 58}** Accordingly, I respectfully concur in part and dissent in part.

O'DONNELL, J., concurs in the foregoing opinion.

_____

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Heaven DiMartino, Assistant Prosecuting Attorney, for appellant.

Lawrence J. Whitney, for appellee.

Timothy Young, State Public Defender, and Valerie Kunze, Assistant Public Defender, urging affirmance for amicus curiae, Office of the Ohio Public Defender.

_____